**UNITED STATES of America**

v.

**Morton BERKOWITZ.**

**Civ. A. No. 31442.**

United States District Court
E. D. Pennsylvania.
Nov. 28, 1962.

Drew J. T. O'Keefe, Graeme Murdoch, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Raymond L. Shapiro for Wexler, Mulder & Weisman, Philadelphia, Pa., I. Arnold Ross, New York City, of counsel, for defendant.

JOSEPH S. LORD, III, District Judge.

This is a suit to recover a penalty in the amount of $63,653.75, the assessment having been made on May 31, 1956, against the defendant by the District Director of Internal Revenue of Philadelphia, Pennsylvania. The complaint was filed on May 14, 1962, 17 days short of the statute of limitations. See 26 U.S.C. § 6502(a) (1).

At the time the assessment was made the defendant was living in Philadelphia and service of the complaint was attempted at the Philadelphia address at

which the defendant had been living. In the meantime, however, and before the filing of the complaint, defendant had married and moved to Brooklyn. The defendant has moved to dismiss on the ground that there has been no proper service and the government has moved to transfer the action to the United States District Court for the Eastern District of New York under the provisions of 28 U.S.C.A. § 1404(a).

There is no question, and the government has conceded, that there has been as yet no proper service upon the defendant and that this court has acquired no jurisdiction over the person of the defendant. The government contends, however, that the "interest of justice" requires the transfer of the suit to a jurisdiction in which the defendant can be served. It is, of course, apparent that if the suit is dismissed a new action in the proper district is now barred by the statute of limitations.

In Hohensee v. News Syndicate, Inc., 286 F.2d 527 (C.A. 3, 1961), the Court of Appeals for this Circuit held that a district court was without power to transfer under 28 U.S.C.A. § 1406(a) a cause of action laid in an improper venue where the court had not acquired jurisdiction over the defendant by proper service. A contrary result had been reached as to a libel in rem in Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514 (C.A. 4, 1955). In Hohensee this Circuit distinguished Internatio-Rotterdam on the ground that it was an admiralty action and that in admiralty a suit may be brought in a district where the libel could not be served at the time of filing if it was thought that property of the respondent would shortly come into the district.

The Court of Appeals for the Second Circuit in Goldlawr, Inc. v. Heiman, 273 F.2d 729 (C.A. 2, 1960), reached the same result as Hohensee in a non-admiralty § 1406 case. However, on April 30, 1962, the Supreme Court of the United States reversed the Second Circuit in Goldlawr, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 and held that an action in which venue was improperly laid and where the defendant had not been served could be transferred to a proper district where the defendant could be served. I cannot clearly discern the impact of Goldlawr on § 1404(a), for that section is nowhere mentioned in the majority opinion. And, in my opinion, the problem reached by § 1406 is different in kind from problems under § 1404(a). The former was intended to prevent manifest injustice from the good faith failure to appreciate the sometimes elusive facts upon which venue frequently turns. The majority said in Goldlawr, 369 U.S. at page 466, 82 S.Ct. at page, 915:

> " * * * The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. * * * "

Section 1404(a), on the other hand, was aimed at *the trial* of an action in a more convenient forum, avoiding the finality of dismissal under traditional *forum non conveniens* concepts, albeit with broader criteria for determining trial convenience; cf.: Norwood, et al. v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). All these factors tend to the belief that the underlying reasoning of Hohensee is still valid as applied to § 1404(a).

On the other side of the coin, it should be noted that the Supreme Court pointed to Internatio-Rotterdam as representing one side of the split that existed among the circuits and approved the Internatio-Rotterdam rationale. That case read § 1404(a) and § 1406 together, and Judge Parker said, at page 516 of 218 F.2d:

> " * * * We think, also, that the transfer falls within the letter and spirit of 28 U.S.C. § 1404(a) as being a transfer 'for the convenience of parties and witnesses, in the interest of justice.' If there had been a service of process, no one would contest

the power of the court to make the transfer under this section. We think that the power is no less because process has not been served, when failure to make the transfer may result not only in inconvenience but also in denial of justice to one of the parties.

"It is argued that no order transferring the cause can be entered until jurisdiction has been acquired by service of process in an action in personam, or by seizure of the res in an in rem action. This argument fails, however, to distinguish between acquiring jurisdiction over the proceedings commenced before the court and acquiring jurisdiction over person or property; and it is the former, not the latter, with which we are concerned here. * * * If service of process can be had only if the cause is transferred to another district, we see no reason why it should not enter an order transferring it for that purpose; and we think that the power is granted by the statutes quoted above. * * *"

The Supreme Court's approval of Internatio-Rotterdam in a § 1406 case may lend support to a conclusion that it also approved what was said there about § 1404(a). The dissenters [1] in Goldlawr, though, did not think so. Justice Harlan said, 369 U.S. at page 468, 82 S.Ct. at page 916:

"* * * And it is incongruous to consider, as the Court's holding would seem to imply, that in the 'interest of justice' Congress sought in § 1406(a) to deal with the transfer of cases where *both* venue and jurisdiction are lacking in the district where the action is commenced, while neglecting to provide any comparable alleviative measures for the plaintiff who selects a district where venue is proper but where personal jurisdiction cannot be obtained. * * *"

It is perhaps not unreasonable to assume that although the two dissenters disagreed with their majority brethren, they at least remained on speaking terms with them and I think are in a far better position to know what the majority meant than I am. Speaking for myself, then, I shall confine the Goldlawr holding to its own bounds, i. e., § 1406. I will not extend it to § 1404(a) until the Court of Appeals for this Circuit tells me to. The plaintiff's motion to transfer under § 1404(a) will be denied.

The defendant's motion to dismiss will be denied, but since it is conceded that no proper service was made, I will treat the motion to dismiss as a motion to quash the return of service and so treating it will grant the motion.

---

1. Justices Harlan and Stewart.