See also D.C. 214 F.Supp. 579.

**UNITED STATES of America**

v.

**Morton BERKOWITZ.**

**Civ. A. No. 31442.**

United States District Court
E. D. Pennsylvania.

March 27, 1963.

Drew J. T. O'Keefe, U. S. Atty., Graeme Murdoch, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Raymond L. Shapiro, for Wexler, Mulder & Weisman, Philadelphia, Pa., for defendant, I. Arnold Ross, New York City, of counsel.

JOSEPH S. LORD, III, District Judge.

The present action involves a suit to reduce defendant's tax liability to judgment. The tax liability arose in the Eastern District of Pennsylvania, and the tax returns appear to have been filed in this District. Hence, venue was properly laid here under 28 U.S.C. § 1396. However, defendant now lives in Brooklyn and cannot be served here. The statute of limitations [26 U.S.C. § 6502(a)(1)] has run, and plaintiff has moved to transfer the action to the Eastern District of New York under 28 U.S.C. § 1406(a). That Section provides:

> "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The plaintiff argues that although venue is statutorily proper, it is in reality not proper because in a suit in personam proper venue contemplates the ability to serve the defendant and proceed to a determination on the merits. A simple example will suffice to demonstrate the speciousness of this argument. Under 28 U.S.C. § 1391(a) venue may be laid in the district where all of the plaintiffs or all of the defendants reside. Thus, a Philadelphia plaintiff injured in New Jersey by a New York resident would have proper *venue* in the Eastern District of Pennsylvania, although it might not be possible to obtain jurisdiction over defendant's person. It was never within the contemplation of Section 1406(a) that if such a suit were filed in the Eastern District of Pennsylvania with admittedly proper venue it could be transferred under that Section, which deals only with improper venue, to New York so that service could be obtained. Since venue here was proper there is no room to invoke the provisions of 28 U.S.C. § 1406(a). The plaintiff's motion is denied.