328 F.2d 358
 64-1 USTC P 9237
 UNITED STATES of America, Appellant,
v.
Morton BERKOWITZ.
UNITED STATES of America, Petitioner,
v.
Honorable Joseph S. LORD, III, Judge, United States District
Court for theEastern District of Pennsylvania, Respondent.
 Nos. 14429, 14430, 14505.
 United States Court of Appeals Third Circuit.
 Argued Oct. 25, 1963.
Decided Feb. 5, 1964, Rehearing Denied March 23, 1964.
 
 Joseph Kovner, Atty., Dept. of Justice, Washington, D.C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert A. Bernstein, Attys., Dept. of Justice, Washington, D.C., Drew J. T. O'Keefe, U.S. Atty., Francis Ross Crumlish, Asst. U.S. Atty., on the brief), for appellant and petitioner.
 I. Arnold Ross, New York City (Raymond L. Shapiro, Wexler, Mulder & Weisman, Philadelphia, Pa., on the brief), for appellee and respondent.
 Before STALEY and GANEY, Circuit Judges, and NEALON, District Judge.
 STALEY, Circuit Judge.
 
 
 1
 The United States filed a civil action in the District Court for the Eastern District of Pennsylvania to recover taxes it alleged were due and owing from the defendant, Morton Berkowitz. The complaint averred that a penalty assessment in the amount of $63,653.73 had been made against the defendant on May 31, 1956, because he was a responsible officer of a corporation which had become delinquent in the payment of withholding taxes. The suit was filed on May 14, 1962, just seventeen days prior to the expiration of the applicable statute of limitations. Internal Revenue Code of 1954, 6502(a)(1), 26 U.S.C.A. 6502(a)(1). A copy of the complaint and summons were served upon an individual at the Philadelphia address of the defendant as shown in the records of the Internal Revenue Service.[1] Thereafter, the defendant filed a motion to dismiss the complaint or to quash the return of summons on the grounds that he was a resident and citizen of the state of New York and had not been properly served with process. The motion was supported by an affidavit stating that he had resided in New York since January of 1960 and had abandoned both his Philadelphia residence and his intention to make that residence his domicile.
 
 
 2
 Since the period provided in the statute of limitations had by this time expired, the Government filed a motion to transfer the action to the District Court for the Eastern District of New York, pursuant to 28 U.S.C. 1404(a). That section provides:
 
 
 3
 '1404. Change of venue
 
 
 4
 '(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'
 
 
 5
 The district court determined that it had no power to effect a transfer under 1404(a) because it had not acquired jurisdiction over the person of the defendant. 214 F.Supp. 579 (E.D.Pa., 1962). The court acknowledged that this had been held immaterial in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), but it limited that decision to transfers under 1406(a). Accordingly, an order was entered denying the motion to transfer and granting the motion of the defendant to quash the return of process.
 
 
 6
 Subsequently, the United States filed another motion to transfer, pursuant to 28 U.S.C. 1406(a). That section provides:
 
 
 7
 '1406. Cure or waiver of defects
 
 
 8
 '(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'
 
 
 9
 The district court reasoned that because the tax liability arose in the Eastern District of Pennsylvania, and as the tax returns were filed there, venue was properly laid in that district under 28 U.S.C. 1396.[2] The court concluded that the action could not be transferred under 1406(a) which, by its terms, is applicable to a case laying venue in the wrong division or district. 215 F.Supp. 615 (E.D.Pa., 1963).
 
 
 10
 The Government filed timely notices of appeal from each of these orders and, as a precautionary measure, filed a petition for a writ of mandamus to compel the district court to exercise its discretion to transfer this action. We granted a rule to show cause on this petition and consolidated it with the proceedings on the appeals.
 
 
 11
 We are faced with the threshold question of whether we have jurisdiction to review the orders of the district court by way of appeal. Several decisions of this court, as well as those of other circuits, have held that an order either granting or denying a motion to transfer is not appealable. Swindell-Dressler Corp. v. Dumbauld, 308 F.2d 267 (C.A.3, 1962); All States Freight, Inc. v. Modarelli, 196 F.2d 1010 (C.A.3, 1952); Paramount Pictures, Inc. v. Rodney, 186 F.2d 111 (C.A.3), cert. denied,340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687 (1951); Lemon v. Druffel, 253 F.2d 680 (C.A.6), cert. denied, 358 U.S. 821, 79 S.Ct. 34, 3 L.Ed.2d 62 (1958); Ford Motor Co. v. Ryan, 182 F.2d 329 (C.A.2), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950). Of course, the rationale underlying these decisions is that because such orders are interlocutory in character they are not appealable as 'final decisions' under 28 U.S.C. 1291, and are not within the class of decisions made appealable by 28 U.S.C. 1292. However, the orders denying transfer in the case at bar are unique, for they effectively terminate this lawsuit: the action in the Eastern District cannot be further prosecuted since the defendant cannot be properly served there, and the defendant can assert the statute of limitations as a defense to a new suit elsewhere. Though the district court has not dismissed the complaint, it has quashed the return of process in the first of its orders denying transfer. Thus, under the circumstances here, these orders have 'sufficient indicia of finality for us to hold that the judgment is properly appealable at this time.' Brown Shoe Co. v. United States, 370 U.S. 294, 308, 82 S.Ct. 1502, 1514, 8 L.Ed.2d 510 (1962).[3] See also Corey v. United States, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963); Hohensee v. News Syndicate, Inc., 286 F.2d 527, 529, n. 2 (C.A.3, 1961), vacated and remanded on other grounds, 369 U.S. 659, 82 S.Ct. 1035, 8 L.Ed.2d 273 (1962).
 
 
 12
 On the merits, the Government argues that under the decision of the Supreme Court in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), jurisdiction over the person of the defendant is not a prerequisite to the power of the district court to transfer this case either pursuant to 1406(a) or under 1404(a). The major portion of the argument is devoted to 1406(a), although it is recognized that the finding of the district court that venue was properly laid in the Eastern District of Pennsylvania presents a serious obstacle to transfer under that section. However, the Government urges that though venue is technically proper in the Eastern District, this is nonetheless 'a case laying venue in the wrong division or district' within the meaning of 1406(a), because the defendant is not amenable to service there.
 
 
 13
 We find it unnecessary to consider the Government's novel and intricate contention that venue may be properly laid in a district and, yet, the case may be one 'laying venue in the wrong district' under 1406(a), for we think that 1404(a) clearly authorizes the transfer of this civil action. As we have seen, that section provides that for the convenience of the parties and witnesses and in the interest of justice, an action may be transferred to any district where it might have been brought. The district court believed that it was without power to transfer this case under 1404(a) in the absence of jurisdiction over the person of the defendant. But Goldlawr, Inc. v. Heiman,supra, conclusively settled that question. It is true that Goldlawr involved an interpretation of 1406(a). Nevertheless, we think that its rationale applies equally to 1404(a), for these are companion sections, remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another. See Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514 (C.A.4, 1955). As the Supreme Court observed in Goldlawr:
 
 
 14
 'The language of 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years-- that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits.' 369 U.S. at 466-467, 82 S.Ct. at 916, 8 L.Ed.2d 39.
 
 
 15
 Of course, this does not mean that this action must be transferred; we hold only that the district court has power to do so if it determines that the considerations set forth in 1404(a) warrant transfer in the circumstances of this case.
 
 
 16
 The motions of the defendant to dismiss the appeals as well as the Government's petition for a writ of mandamus will be denied. The order of the district court denying transfer under 28 U.S.C. 1404(a) will be reversed and it, together with the order denying transfer under 28 U.S.C. 1406(a), will be remanded to the district court for further proceedings in conformity with this opinion.
 
 
 
 [1]
 The defendant states that he had formerly resided at this address with his sister. The return on the service of the writ indicates that it was served on his brother-in-law at that address
 
 
 [2]
 '1396. Internal revenue taxes
 'Any civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed.' 28 U.S.C.A. 1396.
 
 
 [3]
 Because the Government has filed a precautionary petition for a writ of mandamus, the foregoing discussion as to the mode of our review is, in large measure, academic since we have jurisdiction to consider the merits of the controversy in any event. In this regard, compare Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514 (C.A.4, 1955), where review was sought solely by way of mandamus. In response to a contention that review should have been by appeal, Judge Parker noted that no order of dismissal had been entered and said:
 '* * * We think, however, it would be an idle formality fraught with unnecessary delay to dismiss the present application or merely direct the entry of an order of dismissal so that libellants might appeal from it. We think that we should come at once to the real question at issue in the case so that the litigation may go forward without needless delay. We can do this because of our power to issue the writ of mandamus in aid of our appellate jurisdiction * * *.' 218 F.2d at 517.