**Alvin Evans KEPHART and John W. Kephart, Jr.**

v.

**UNITED STATES of America.**

Civ. A. No. 34368.

United States District Court
E. D. Pennsylvania.

June 15, 1965.

Roger A. Johnsen, of Stassen, Kephart, Sarkis & Scullin, Philadelphia, Pa., for plaintiffs.

Drew J. T. O'Keefe, U. S. Atty., and Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

BODY, District Judge.

On October 21, 1963 plaintiffs, citizens of Montgomery County, Pennsylvania, filed a complaint in the United States District Court for the Eastern District of Pennsylvania against the defendant for negligent and wrongful damage to plaintiffs' land located in Gallatin County, Montana (near the northwest corner of Yellowstone National Park). Plaintiffs alleged that defendant, or its agents, workmen or employees, trespassed onto plaintiffs' land and destroyed approximately ten (10) acres of pine trees which rose to heights of approximately eighty (80) feet with butts up to twelve (12) inches in diameter. Plaintiffs also alleged that the removal of trees from their land resulted in appreciable damage to the land itself, thus necessitating considerable work to restore the land to its original condition.

On or about May 8, 1964 attorneys for plaintiffs and defendant agreed that the defendant would submit certain persons who were employees of the defendant, or closely associated therewith, for depositions to be held September 3, 1964 at West Yellowstone, Montana. On July 31, 1964 defendant filed a motion for a protective order to require plaintiffs to pay defendant's attorneys travel costs for taking said depositions. On August 4, 1964 defendant's motion for protective order was denied by this Court.

On September 3, 1964 the depositions of six individuals were taken at West Yellowstone, Montana. Of the six persons deposed, four were employees of the United States Forest Service in that area, and the remaining two were engaged by the plaintiffs as a surveyor of Bozeman, Montana, and a real estate broker of West Yellowstone, Montana.

From the foregoing set of facts, three motions have been presented to this Court:

1. Plaintiffs' Motion to Amend Complaint

2. Defendant's Motion to Transfer to the District of Montana

3. Plaintiffs' Motion for Summary Judgment on the issue of liability alone

## PLAINTIFFS' MOTION TO AMEND COMPLAINT

■ Plaintiffs' proposed amendment to the pleadings does not change any of the averments of the complaint with respect to liability, but only proposes a change with respect to damages. At the time of argument the Government had stipulated that it would not oppose this amendment. Therefore the Court need not consider this matter, and plaintiffs have leave to amend their complaint.

## DEFENDANT'S MOTION TO TRANSFER TO THE DISTRICT OF MONTANA

■■ The change of venue provision of 28 U.S.C.A. § 1404(a) states:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiffs' contention that the change of venue provision of 28 U.S.C.A. § 1404(a) does not apply to actions brought under the Federal Tort Claims Act is without merit since this section consistently has been construed liberally to include even such actions as those brought under the Federal Tort Claims Act. Nowotny v. Turner, 203 F.Supp. 802 (M.D.N.C. 1962).

■ In considering motions for transfer it is necessary to determine what is more convenient for parties and witnesses in the interest of justice; and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

Defendant's first reason for a change of venue is that the alleged trespass occurred in Montana on land owned by the plaintiffs as the result of the negligence of workmen of the defendant who were

in Montana and who still reside in Montana. Should the case be tried in this district, this Court would have to take judicial notice of the law of Montana in the event that it would assess damages in favor of the plaintiffs, since the law of Montana would be controlling. It may be stated with a degree of certainty that cases involving trespass to land and damage to timber are of a more common occurrence in the Federal Court in the state of Montana than in the Federal Courts in the Commonwealth of Pennsylvania. The instant case might have been brought in the District of Montana initially, and therefore is susceptible to transfer to that district at this time. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

Defendant's second reason for transfer is that all the witnesses to the alleged incident are located in Montana, as well as the expert witnesses, thus making the cost to the Government of defending this action in the Eastern District of Pennsylvania prohibitive. The Government states that the witnesses would be required to travel two thousand miles to Philadelphia, and then would have to remain in Philadelphia until the trial was completed. Defendant further contends that the District Court of Montana is held in eleven different cities in Montana, varying in distance from approximately one hundred miles to approximately four hundred fifty miles from West Yellowstone, Montana. Plaintiffs contend that these places are not particularly convenient to either the employees of defendant or the witnesses of plaintiffs; and that there are only about two or two and a half months of the year, during the summertime, when the weather is favorable to travel and feasible for the witnesses to obtain transportation throughout the state of Montana to be summoned to court. If the above statement of the plaintiffs is taken as an actual fact, a further analysis of the same would show that the difficulties to be encountered by these witnesses in their travels from the state of Montana to Philadelphia, Pennsylvania, would be greatly increased as to both number and magnitude. By reason of the backlog in civil cases in the District Court for the Eastern District of Pennsylvania, there is no time certain as to when this case may be called for trial; the witnesses may be summoned in the middle of winter, which would then make it an almost impossible situation for them to reach Philadelphia during that time of the year, if this allegation were correct.

In view of the fact that the weather and transportation presents an overwhelming problem as to the witnesses this is another reason why the case should be transferred to the District of Montana where that court would be more aware of weather conditions, and would be in a position to call the case to trial at a time most favorable to all parties concerned.

Although the case is to be tried by a court without a jury (28 U.S.C.A. § 2402), this would not lead to the conclusion that the matter would be most expeditiously handled by trial at the residence of the plaintiffs. There is no determination that the testimony offered will be submitted by depositions. Before or after trial, the court, in its judicial discretion, may desire to view the trespassed property and the damaged timber located thereon.

I have tried many cases concerning land, including trespass and eminent domain, during my years as a trial lawyer and a judge. That experience has established that it is most helpful and highly desirable to examine the premises before final decision. Such visitation and view truly is so much better than pictures and words to describe the land: its location, topography, elevations, depressions, vegetation, improvements, roads, bridges, rocks, type of soil, and the like. This Court is not able to foresee and would not venture to guess whether a view and visitation will be requested by any of the parties at the time of trial, or whether the court on its own motion will so decide. However, that opportunity should be afforded.

As to the plaintiffs' contention that they would be required to retain other

counsel which would add additional expense to their cause, the Court can see little merit in this proposition since the same attorney certainly may try the case in the District Court of Montana.

In the interest of justice, to prevent a wastefulness of time, energy and money, this action should be transferred to the United States District Court of Montana. Continental Grain Co. v. Barge FBL–585 et al, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540.

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY ALONE

■ Since this Court has decided that justice dictates that this cause of action be transferred to another Federal District Court, the same justice requires that this Court should not consider plaintiffs' motion for summary judgment as to the issue of liability. Plaintiffs may present, if they desire, the identical motion after the case is transferred to its new forum.

### ORDER

And now, this fifteenth day of June, 1965, it is ordered that the motion of the plaintiffs, Alvin Evans Kephart and John W. Kephart, Jr., to amend their complaint be and the same is granted; and

It is further ordered that the motion of the defendant, United States of America, to transfer the case from the United States District Court for the Eastern District of Pennsylvania to the United States District Court for the District of Montana, be and the same is granted. Accordingly, the Clerk of the Court is directed to transfer all necessary papers to the United States District Court for the District of Montana.

It is further ordered that the motion of the plaintiffs, Alvin Evans Kephart and John W. Kephart, Jr., for summary judgment on the issue of liability alone be and the same is denied without prejudice; and the aforesaid plaintiffs have leave to file the same motion, if they so desire, in the United States District Court for the District of Montana.