**Margaret FOUNDS and Leonard Founds**

**v.**

**John SHEDAKER and Ruth Shedaker.**
**Civ. A. No. 41639.**

United States District Court
E. D. Pennsylvania.
Jan. 12, 1968.

Jerome E. Ornsteen, Philadelphia, Pa., for plaintiffs.

Daniel T. McWilliams, Philadelphia, Pa., for defendants.

## OPINION

MASTERSON, District Judge.

Plaintiffs' complaint in this action charges the defendants with negligence resulting in an automobile accident on July 3, 1965 in Mount Holly, New Jersey. Subject-matter jurisdiction of this case is properly established in this Court as a matter of diversity of citizenship of the parties under Title 28 U.S.C.A. § 1332. Venue requirements of this Court have also been complied with in accordance with the provisions of Title 28 U.S.C.A. § 1391(a).

The defendants presently move to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. The defendants allege that this Court lacks jurisdiction over their persons because service of process upon them was not in compliance with Rule 4(f) of the Federal Rules. Plaintiffs concede that service of process upon the defendants was improper. Plaintiffs, however, move to transfer this case to the Federal District Court of New Jersey, under the provisions of Title 28 U.S.C.A. §§ 1404(a) and 1406(a), so that process can be served properly under Rule 4(f).

It is clear that this Court does have the power under both Sections of the Code to transfer a case such as the present one to another District Court despite the lack of personal jurisdiction over the defendant. See, United States v. Berkowitz, 328 F.2d 358, 361 (C.A.3, 1964); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465–466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); Callan v. Lillybelle, Ltd., 234 F.Supp. 773, 779–780 (D.C.N.Y.1964). Since venue is properly laid in this District the appropriate statutory provision here is § 1404(a). See generally, *Berkowitz,* supra, 328 F.2d pp. 359–360. Transfer of a case from one District Court to another pursuant to § 1404(a) is a matter of discretion to be exercised " * * * in the interest of justice * * * ". See, *Berkowitz,* supra, 328 F. 2d at p. 361. This discretion should be exercised with a view towards " * * * removing whatever obstacles may impede an expeditious and orderly adjudication of cases * * * on their merits". See, *Goldlawr,* supra, 369 U.S. at pp. 466–467, 82 S.Ct. at p. 916.

Transfer of this case to the District Court of New Jersey clearly is consistent with the policies underlying § 1404(a). If defendants' motion to dismiss were granted plaintiffs would be forever barred from an adjudication of their case on the merits because of the expiration of the relevant period of limitations. Avoidance of such a result has prompted other courts to transfer a case rather than dismiss it on its merits. See, Internatio-Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 516–517 (C.A.4, 1955), and Orzulak v. Federal Commerce and Navigation Co., 168 F.Supp. 15, 18 (D.C. E.D.Pa.1958). Exercise of this discre-

tionary power is particularly appropriate in this case where serious illness hampered plaintiffs' original counsel during that period when the basic procedural mistake could have been easily remedied.

For the reasons discussed above this Court grants the plaintiffs' Motion to Transfer, and, pursuant to authority vested in it by Title 28 U.S.C.A. § 1404(a), transfers this case to the Federal District Court of New Jersey. This Court will not rule upon defendant's Motion to Dismiss for it is proper that this Motion and all other pending matters be determined by the New Jersey Court.