The **PLUM TREE, INC.**

v.

The **ROUSE COMPANY, Inc.,** et al.

**Civ. A. No. 71–2878.**

United States District Court,
E. D. Pennsylvania.

May 11, 1972.

Marvin Comisky, of Blank, Rome, Klaus & Comisky, Philadelphia, Pa., and Martin H. Katz, Bridgeport, Pa., for plaintiff.

Henry T. Reath, of Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff has brought this action against defendants for anti-trust violations under the Sherman, Clayton and Robinson-Patman Acts and for breach of contract and misrepresentation. Five of the eight defendants have moved to transfer this suit to the District of Maryland under 28 U.S.C. § 1406(a). All of the defendants have joined in a motion to transfer to Maryland under 28 U.S.C. § 1404(a). For the reasons discussed below, we deny both motions.

The background facts are these. Plaintiff, a Pennsylvania corporation with its principal office in Bridgeport, Pennsylvania, is a national franchisor of gift stores, many of which are placed in shopping malls. Defendant Rouse Company, Inc. ("Rouse"), a Maryland corporation which maintains its principal place of business in Columbia, Maryland, is a real estate developer involved, inter alia, in the building of shopping center malls, including the seven owned individually by each of the seven remaining corporate defendants, all of which are subsidiaries of Rouse. Two of the malls are located in Texas, two in New Jersey, one in Georgia and two in Pennsylvania. According to plaintiff's complaint, each of the malls has its principal place of business in Baltimore, Maryland, and each is a Maryland corporation except for the two located in Pennsylvania which are Pennsylvania corporations. Plaintiff maintains one of its gift shops in each of the seven malls. In its complaint, plaintiff alleges that in executing and administering the various leases signed by plaintiff with defendants, defendants are guilty of misrepresentation, breach of contract, and federal anti-trust violations. Pending disposition of these two transfer motions, action has been stayed on plaintiff's general discovery proceedings, on its motion for determination of propriety of class action, and on defendants' various motions to dismiss, including one brought specifically by the five non-Pennsylvania malls. McDonell Douglas Corp. v. Polin, 429 F.2d 30 (3rd Cir. 1970).

Section 1406(a) provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The five non-Pennsylvania mall defendants contend, and aver by way of affidavits, that venue as to them is improperly laid in this District since none of them has "transacted business" in this District within the meaning of the venue provisions of the anti-trust laws, 15 U.

S.C. § 22, much less been licensed to do business in Pennsylvania. Because, however, these defendants are Maryland corporations, venue can be properly laid in the District of Maryland, according to defendants.

■ We agree with plaintiff that at this stage defendants' argument is premature since their factual allegations are supported only by way of affidavits. Plaintiff should be allowed an opportunity to rebut these contentions through its own discovery. *Cf.* Hayaski v. Red Wing Peat Corporation, 396 F.2d 13 (9th Cir. 1968); National Auto Brokers Corp. v. General Motors Corp., 332 F. Supp. 280 (S.D.N.Y.1971); State of New York v. Morton Salt Co., 266 F. Supp. 570 (E.D.Pa.1967). Thus, we deny defendants' § 1406(a) transfer motion.

■ All of defendants move under § 1404(a) to transfer this action to Maryland. This section reads as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

On a transfer motion under § 1404(a) plaintiff's choice of forum is accorded great weight, Kephart v. United States, 242 F.Supp. 469 (E.D.Pa.1965), and the defendants are put to a heavy burden of showing that the interests of the statute will be better subserved by an alternate forum. Fitzgerald v. Central Gulf Steamship Corp., 292 F.Supp. 847 (E.D. Pa.1968). We cannot find that defendants have carried their burden.

■■ First, it is clear that a Baltimore forum would be no more convenient for the parties than this forum. Indeed, since the major parties, plaintiff and Rouse, have their headquarters respectively in Bridgeport, Pennsylvania, and Columbia, Maryland, transfer from Philadelphia to Baltimore would merely shift the burdens of litigation in a distant forum from one party to another. Moreover, plaintiff alleges, and avers by way of affidavit, that it would suffer much more disruption if forced to proceed in a distant forum than would Rouse since, according to plaintiff, Rouse has a personnel staff thirteen times larger than plaintiff's. Plaintiff states that it employs a total of 57 people of whom eight constitute its entire management team.[1] Rouse, according to plaintiff, employs approximately 770 people in its Columbia office. Defendants have not disputed this assertion. Rouse has argued, nevertheless, that it would suffer substantial disruption and inconvenience if plaintiff were allowed to depose in this district some twenty people from the Columbia office who have already been so noticed. This problem raised by discovery in a distant forum has been mooted, however, by plaintiff's agreement, made at oral argument, to conduct such depositions at a location convenient to the proposed deponents.

Finally, as far as the convenience of the mall defendants is concerned, it seems clear that for those located in Texas and Georgia, the difference in convenience between a forum in Philadelphia or one in Baltimore is insubstantial. For the remaining mall defendants, located in New Jersey and Pennsylvania, the Philadelphia forum undoubtedly would be more convenient than would the Maryland one.

Defendants' second and main argument purportedly speaks to the "interests of justice." Defendants urge that a transfer of this case as to all defendants to Maryland, where venue is conceded, will

---

1. Plaintiff argues that overall disruption and inconvenience is really much greater than appears because 37 of plaintiff's 57 people, including the management team, perform similar functions for AAMCO Automatic Transmission, Inc., ("AAMCO"), plaintiff's parent company, which is a nation-wide franchisor of automatic transmission repair centers having over 500 franchisees throughout the country. Thus, according to plaintiff, AAMCO franchisees will also suffer from litigation in a distant forum.

eliminate any need for lengthy discovery and hearing on the venue of the five non-Pennsylvania mall defendants and will avoid piecemeal litigation should those defendants prevail on their pending motion to dismiss. Essentially, defendants are arguing for the proposition that whenever there is doubt as to proper venue with respect to some defendants, the whole action should be transferred to a forum where venue is conceded. Although this position has an appealing aura to it in terms of expediting matters and encouraging cooperation, we ultimately find it unsound in reasoning as well as unsupported by the authorities cited by defendants.

Were we to adopt defendants' position, we would be denying plaintiff the deference properly due its choice of forum; moreover, we would further be denying plaintiff the opportunity to justify the legal propriety of its choice of forum by way of discovery on the venue issue. Hence, by merely making certain concessions, defendants would be nullifying prerogatives due any plaintiff at the outset of a case. Certainly, if plaintiff wishes to do battle with the five defendants over venue at the risk of losing jurisdiction over them and incurring the burden of a second suit in a distant forum (if plaintiff wanted to continue against them), plaintiff should be so allowed. Control over who the defendants are to be in the first instance should be with the plaintiff, not the court or the would-be defendants. Thus, plaintiff may ultimately decide it would rather sue only three defendants in Philadelphia than all eight in Baltimore, or even five in Baltimore in a subsequent trial. In fact, at oral argument, plaintiff's counsel stated that jurisdiction over all eight defendants was not essential to plaintiff's case and that he might, sometime in the future, drop the action as to the non-Pennsylvania malls. When plaintiff has otherwise withstood a § 1404(a) transfer motion, we believe it is entitled to the foregoing options.

Cases cited by defendants do not convince us to the contrary. In defendant's principal case, Silverman v. Wellington Management Company, 298 F.Supp. 877 (S.D.N.Y.1969), the court summarized its reasons for transferring the case from the Southern District of New York to the Eastern District of Pennsylvania, one of which was the avoidance of protracted hearings on venue since venue in New York was in doubt as to some defendants, but not in Pennsylvania. A close reading of this case discloses that this cited reason was nothing more than a makeweight argument, when compared with the other reasons cited in favor of transfer: the thrust of the opinion was that Philadelphia was overwhelmingly more convenient and conducive to an expeditious action since 15 of the 16 individual defendants had their offices in or near Philadelphia; the corporate defendants were located in or near Philadelphia; and the alleged illegal conduct of defendants occurred primarily in the offices of these two corporate defendants.

Defendants' second principal case, Horwitz v. Shainberg, 171 F.Supp. 75 (E.D.N.Y.1959), does not support the proposition that where venue is in doubt as to some defendants, the case should be transferred to a forum where defendants concede venue as to all. There, the court transferred the case to Tennessee, in part, because *no* doubt existed that two of the three individual defendants could not be sued in New York; they could, however, be sued in Tennessee along with the other defendants. Moreover, as in *Silverman, supra,* the Horwitz court appears to have been motivated in the transfer decision primarily by the fact that the convenience of the parties and witnesses was to be found in the transferee forum because all the defendants were in Tennessee and all their witnesses in Tennessee or in Pittsburgh, Pennsylvania.

Finally, in defendants' four "see also" cases—Dubin v. United States, 380 F.2d 813 (5th Cir. 1967); United States v. Berkowitz, 328 F.2d 358 (3rd Cir. 1964); Founds v. Shedaker, 278 F.Supp. 32 (E.D.Pa.1968); and Tudesco v. Pub-

lisher's Company, 232 F.Supp. 638 (E. D.Pa.1964)—it was the plaintiff who sought transfer, not the defendant. Such transfer was requested, and allowed by the court, where venue and jurisdiction questions were raised as to the defendant because in each case there was only one defendant involved, and plaintiff would have suffered dismissal if the suit were not transferred. In other words, the transfers were granted to accommodate the plaintiffs. The latitude permitted plaintiffs in the early stages of the foregoing cases is certainly consistent with, and supports, the leeway we have given plaintiff here—by denying transfer—to muster facts to support its venue allegations and to drop certain defendants, if it so chooses, as a cost of exercising its right to select a forum.