### Douglas Boyd REED, Plaintiff,

### v.

### Steven C. BROWN; Commercial Union Insurance Company, a Kentucky corporation; Black & White Corporations I through V, Corporations; Able & Baker Companies I through V, Partnerships; John and Jane Does I through V, Individuals, Defendants.

### No. CV–R–84–528–ECR.

United States District Court,
D. Nevada.

Nov. 25, 1985.

Douglas Boyd Reed, in pro per.

Paul F. Hamilton, Reno, Nev., for defendants Steven C. Brown and Commercial Union Ins. Co.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff commenced this action on December 14, 1984, in his own behalf seeking damages for alleged personal injuries from an accident which occurred on December 15, 1982. In the accident, which occurred on State Highway 236 in Kenton County of the State of Kentucky, the plaintiff alleges that he was struck as a pedestrian by a motor vehicle driven by the defendant. As a result of the accident, plaintiff alleges that he has sustained injuries totaling more than $100,000.

Plaintiff further alleges that the defendant Steven Brown was then and is currently a resident of the State of Kentucky. Commercial Union Insurance Company is a Kentucky corporation, according to the plaintiff, and he has effected personal service upon this defendant at its offices in Cincinnati, Ohio. Plaintiff served defendant Brown at his home in Kentucky. The sole Nevada contacts of both defendants arise out of the plaintiff's allegation that he was at the time of the accident and is currently a Nevada resident.

Defendants have moved this Court to quash the service of process on them, in that that service was improperly made, and

there exists no personal jurisdiction over them in this forum. Plaintiff concedes that service was improper and that no personal jurisdiction exists, and petitions this Court pursuant to 28 U.S.C. § 1406(a) to transfer the case to a jurisdiction where service and jurisdiction would be proper.

There is no doubt that service must be quashed in this case. The federal rules state that "[a]ll process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state." Fed.R.Civ.P. 4(f). *See Powers v. Mitchell,* 463 F.2d 212 (9th Cir.1972). Rule 4(e) extends the territorial limits of federal service by providing that federal district courts may serve non-resident defendants in accordance with the personal jurisdiction statutes and long-arm statutes of the state in which the court sits. *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 414 (9th Cir.1977); *Myers v. Johns Manville Sales Corp.,* 600 F.Supp. 977, 982 (D.Nev.1984). Because all service occurred outside of this State, the Court must examine Nevada's long-arm statute to determine whether that service was proper.

The Nevada long-arm statute, NRS § 14.065, declares that effective personal service may be made upon a party outside of the state if the party has submitted himself to the exercise of that state's jurisdiction. NRS § 14.065(1)(b). The statute further declares that

[a]ny person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if a natural person, his personal representative to the jurisdiction of the courts of this state as to any cause of action which arises from:

(a) Transacting any business or negotiating any commercial paper within this state;

(b) Committing a tortious act within this state;

(c) Owning, using or possessing any real property situated in this state;

(d) Contracting to insure any person, property or risk located within this state at the time of contracting;

(e) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for alimony, child support or property settlement, if the other party to the marital relationship continues to reside in this state; or

(f) Violating NRS 207.400.

The statute thus contemplates that only certain, forum related acts may give rise to personal jurisdiction over the defendant.

■ It is certain that the defendants in this case have not submitted themselves to the jurisdiction of the Nevada courts in this case, for none of the acts of which the plaintiff complains were committed in this state. In that all of the acts which gave rise to the cause of action took place in Kentucky, the Nevada long-arm statute will not reach these defendants. *Shapiro v. Pavlikowski,* 98 Nev. 548, 654 P.2d 1030, 1031 (1982); *see Greenspun v. Del E. Webb Corp.,* 634 F.2d 1204, 1209 (9th Cir.1980); *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 417 (9th Cir.1977).

■ The Nevada Supreme Court, however, has recently indicated that the Nevada long-arm statute can "reach the outer limits of federal constitutional due process." *Galatz v. Eighth Judicial District,* 683 P.2d 26, 28 (Nev.1984). Even under the broader standards of due process, however, it is clear that personal jurisdiction does not lie in this case.

In order to exercise jurisdiction over a non-resident defendant, the Ninth Circuit has noted that "due process requires ... certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Pacific Atlantic Trading Co. v. M/V Main Express,* 758 F.2d 1325, 1327 (9th Cir.1985) (*quoting International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). In addition, if the non-resident's activities in the forum are sufficiently sub-

stantial and continuous, general jurisdiction will lie even if the cause of action is unrelated to the defendant's activities in the state. *Id.* (*citing Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952)). If the defendant's activities are not sufficiently pervasive to warrant general jurisdiction, however, the nature and quality of the forum related activities must be examined in relation to the specific cause of action to determine whether limited jurisdiction exists.

Although the Circuit has developed specific rules by which activities are examined in order to determine whether general or limited jurisdiction exists, *see Pacific Atlantic, supra*, at 1327; *Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280 (9th Cir.1977), it is unnecessary to discuss them in this case for the present defendants have absolutely no contacts with this forum. As seen above, all of the acts which gave rise to this cause of action occurred in Kentucky. All defendants, moreover, are residents of that state, and there is nothing in the record to indicate that they have so much as visited Nevada on vacation. In that plaintiff has completely failed to show any contacts by the defendants with this state, the Nevada long-arm statute is inapplicable, and the service of process on the defendants in Kentucky must be quashed.

The question remains before the Court whether this action may be transferred to the federal district court in Kentucky. Plaintiff contends that this Court has such power under 28 U.S.C. § 1406(a). Defendants, on the other hand, argue that this statute, and its companion, 28 U.S.C. § 1404(a), are meant solely for the transfer of cases in which venue is improper, and may not be used in cases where a defect exists in the transferring court's subject matter or personal jurisdiction.

The Supreme Court has resolved this question. In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the plaintiff had brought a private anti-trust action against a number of defendants in the district court in Pennsylvania. After hearing arguments regarding the lack of personal jurisdiction and of venue in the State of Pennsylvania, the court found that personal jurisdiction did not exist, and that venue was improperly laid as to two of the defendants. The court refused to dismiss the action as to those defendants, however, choosing instead to transfer the action under 28 U.S.C. § 1406(a) to the Southern District of New York, where both venue and personal jurisdiction were proper as to all defendants. That district court, however, dismissed the entire action, finding that the Pennsylvania court's lack of personal jurisdiction precluded its using the venue transfer statutes.

The Supreme Court found this reasoning unconvincing. "Nothing in [the statute's language] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants," the Court noted. *Id.* The philosophy behind the statute, it continued, was to prevent prejudice to a plaintiff which might have to guess as to the existence of elusive facts upon which venue provisions turn. *Id.* Dismissal in this case would work such prejudice, concluded the Court, for the plaintiff would lose a substantial portion of his cause of action under the applicable statute of limitations, owing to his mistake in thinking that one of the defendants could be "found" in Pennsylvania. Moreover, the Court noted that the mere filing of the lawsuit shows the proper diligence on the part of the plaintiff which the statutes of limitations were intended to ensure. Therefore, § 1406(a) expresses the "interests of justice," in that it allows the court to transfer the action, rather than dismissing it because of "time consuming and justice defeating technicalities." *Id.* at 467, 82 S.Ct. at 916.

A federal district court may then transfer an action under 28 U.S.C. § 1406(a) even where the court is entirely without subject matter jurisdiction over the defendant. The problem in this case is that

§ 1406(a) is inapplicable for other reasons. That statute states that "[t]he district court of a district in which is filed a case *laying venue in the wrong division* or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Thus, the statute allows transfer only where venue is *improperly laid* in that district. Such is not the case here. In that this is a diversity action, venue is proper in any district in which all plaintiffs reside. 28 U.S.C. § 1391(a). Reed is the only plaintiff in this case, and is a resident of the State of Nevada. Venue, therefore, is technically proper in this district.

Where venue is proper, however, transfer may be ordered by the court under 28 U.S.C. § 1404(a). The question · arises whether the ability to transfer a case under § 1406(a) in which personal jurisdiction is lacking over defendants, as described in *Goldlawr, supra,* exists under 28 U.S.C. § 1404(a) as well. Several courts have held that this is true. In *United States v. Berkowitz,* 328 F.2d 358 (3rd Cir.1964), for example, the United States had filed an action against the defendant in the Eastern District of Pennsylvania in order to recover back taxes. The action was filed, and service was made only seventeen days prior to the expiration of the statute of limitations. Shortly thereafter, the defendant moved to dismiss the complaint and to quash the service of process on the grounds that he was not a citizen of New York, and that he had not been properly served with process. Because the statute had expired by this time, the government moved to transfer the case to the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a). The district court, however, declined to transfer the case, on the basis that it had not acquired personal jurisdiction over the defendant. In addition, the court held that

the *Goldlawr* case only provided for jurisdictionless transfer in cases under § 1406(a).*

The Court of Appeals for the Third Circuit overruled the holding of the lower court. The *Goldlawr* case, noted the court, conclusively settled the question of whether transfer of a case could be effected even though the transferring court lacks subject matter jurisdiction. *Id.* at 360. Even though the *Goldlawr* Court had decided that transfer was available under § 1406(a), the court found that "its rationale applies equally to § 1404(a), for these are companion sections, remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another." *Id.* (citing *Internatio-Rotterdam, Inc. v. Thomsen,* 218 F.2d 514 (4th Cir.1955). Therefore, the court held that the district court has the power to transfer a case in which it lacks personal jurisdiction, as long as the considerations set forth in § 1404(a) have been satisfied. *Id.* at 361.

▮▮ Those considerations indicate that a case may be transferred if the convenience of the parties and witnesses would be served, and if the interests of justice would likewise benefit. 28 U.S.C. § 1404(a). In this case, there is no doubt that all parties and witnesses would benefit from transfer, in that they are all located in Kentucky, with the exception of the plaintiff. The plaintiff will still benefit from transfer, however, in that his action, if dismissed, would quite likely be barred by the applicable statute of limitations. By allowing transfer, the Court will allow this cause of action to remain alive.

Keeping this action alive in face of possible time bar also will serve the interests of justice. In *Ladwig v. Truck Insurance Exchange,* 498 F.Supp. 161 (E.D.Wis.1980), for example, the plaintiff filed a diversity action in Wisconsin federal court arising

---

* The government then moved to transfer the case to New York under § 1406(a), but this motion was also denied. The court reasoned that the tax liability had arisen in the Eastern District of Pennsylvania, and that venue was thus technically proper under 28 U.S.C. § 1396. § 1406(a) was technically inapplicable, the court concluded, because venue had not been improperly laid in that district.

out of a truck collision which occurred in the State of Idaho. All of the defendants were either Idaho residents or corporations organized under Idaho law with no contacts with Wisconsin whatsoever. The defendants moved to dismiss the case for lack of personal jurisdiction, but the plaintiffs moved to transfer under 28 U.S.C. § 1406(a).

The Court, after finding that no personal jurisdiction existed over the defendants in Wisconsin, declared that transfer was appropriate. The Court noted that "since it appears that if the action is dismissed plaintiffs may be barred from refiling in the Idaho state or federal court by Idaho's two-year statute of limitations, the action will be transferred" to a court in which personal jurisdiction and venue are proper. In that dismissal of the action would be equivalent to barring the assertion of an otherwise valid claim, this court concluded that the interests of justice would be served by transferring the action. *See Goldlawr, supra* (in that substantial portion of claim could be lost to statute if claims were dismissed, interests of justice dictated that claims should be transferred); *United States v. Berkowitz, supra* (transfer would serve the interests of justice where claims would be lost due to the applicable statute of limitations). *See also Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515 (9th Cir.1983) (transfer would not be allowed where plaintiff had purposefully avoided filing suit in proper jurisdiction in blatant attempt to "forum shop").

In the present case, it appears likely that all of the plaintiff's action would be lost to the Kentucky statute of limitations if the action were not transferred. Certainly, plaintiff could have avoided this difficulty by filing the action in the proper district court to begin with, but the Court notes that he is proceeding *in propria persona*. Because the plaintiff is unschooled in the vagaries of personal jurisdiction and other important, but sophisticated procedural matters, the Court finds that justice would be better served by allowing this action to be transferred to the United States District Court, Eastern District of Kentucky.

IT IS, THEREFORE, HEREBY ORDERED that the motion to quash service of process for lack of personal jurisdiction is GRANTED.

IT IS FURTHER ORDERED, that the motion to transfer this action to the United States District Court, Eastern District of Kentucky, is GRANTED.