82 F.3d 424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael WEBB; Connie Webb, aka, Connie Squires,
individually and as an unincorporated association of
individuals other than a partnership dba Star Environmental
and dba Simus (Star Inspection and Upgrade Maintenance
Service), Plaintiffs-Appellants,
v.
Madeline D. SITZES, Defendant-Appellee.
 No. 94-56309.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1996.
Decided April 10, 1996.
 
 BEFORE: CANBY, BOOCHEVER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael and Connie Webb brought a legal malpractice suit in California against Madeline D. Sitzes, a Texas attorney. The Webbs appeal the district court's ruling that it lacks personal jurisdiction over defendant Sitzes. We affirm.
 
 BACKGROUND
 
 3
 The Webbs sought out Sitzes, a Texas attorney, in Texas and entered into an agreement for legal services whereby Sitzes accepted a retainer from the Webbs and agreed to represent them in their claim for damages against Systems Applications International and Shell Oil Company for labor performed and materials supplied and for "theft" of ideas and invention. The events giving rise to the Webbs' claims against Systems Applications International and Shell Oil Company pertained to a project in Texas, and the parties in the case at bar agree that suit against Systems Applications International and Shell Oil Company probably would have been brought in Texas. Many witnesses and involved parties reside in California, however, and the parties in the case at bar contemplated that Sitzes would handle the entire litigation, including deposition of witnesses in California. In her representation of the Webbs, Sitzes made several phone calls to the Webbs in California and sent a demand letter dated December 4, 1992 to Systems Applications International in California. The Webbs then replaced Sitzes with a different attorney.
 
 
 4
 The agreement for legal services that Webbs and Sitzes signed provides that any lawsuit brought upon that agreement shall be brought in Texas. The Webbs are not suing on the agreement, however. In California State Court they brought this action against Sitzes for attorney malpractice, breach of oral contract, and breach of fiduciary duty. Sitzes removed the suit to district court.
 
 ANALYSIS
 I.
 
 5
 California's long-arm statute extends jurisdiction to the limits imposed by the Due Process Clause. See Cal.Code Civ.P. § 410.10; Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir.1995). "Because the jurisdictional facts are undisputed in this case, the constitutional limits on personal jurisdiction are reviewed de novo." Casualty Assurance Risk Ins. Brokerage Co. v. Dillon, 976 F.2d 596, 599 (9th Cir.1992). Due process requires that the defendant have certain "minimum contacts" with the forum. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). This Circuit uses a three-part test to determine whether a district court may exercise specific jurisdiction over a nonresident defendant:[1]
 
 
 6
 (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking [its] benefits and protections[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities [; and] (3) [e]xercise of jurisdiction must be reasonable.
 
 
 7
 Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir.1995) (quoting Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir.1995)).
 
 
 8
 We conclude that the Webbs have not demonstrated that Sitzes "purposefully availed" herself of the privilege of conducting activities in California. Sitzes's contacts with California are sparse. She called and sent letters to the Webbs in California. In addition, she sent a demand letter to a California business. She also accepted a retainer from the Webbs which she received in Texas. She did not, however, solicit business in California. Rather, the Webbs solicited Sitzes in Texas. Sitzes's contacts with California therefore are not sufficient to establish jurisdiction over Sitzes. See Sher v. Johnson, 911 F.2d 1357, 1363 (9th Cir.1990) ("Out-of-state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state."); see also Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir.1988) (soliciting business in the forum state will generally be considered purposeful availment); Shute v. Carnival Cruise Lines, 897 F.2d 377, 383 (9th Cir.1988).
 
 
 9
 The Webbs argue that Sitzes's agreement to collect California monies from California defendants on behalf of the Webbs and Sitzes's contingency fee agreement demonstrate that the parties "contemplated future consequences" in California. See Sher, 911 F.2d at 1363. In Sher, the Court held that California had jurisdiction over a Florida law firm representing a California client in a criminal proceeding in Florida because a deed of trust that encumbered the Shers' California home created a substantial connection with California. The Court stated that "execution of the deed 'contemplated [significant] future consequences' in California: perfection of the partnership's security interest would require filing in the California recorder's office; judgment on the deed would require the application of California law; enforcement of such a judgment would require the action of a California court." Id. (bracketed material in original).
 
 
 10
 The potential "contemplated future consequences" of Sitzes's representation of the Webbs, however, are not sufficient to establish jurisdiction in this case. First, it is unclear that the underlying suit in fact pertains to California claims. Although the Webbs assert that it does, the Webbs also admit that Sitzes had stated at the outset of her representation of the Webbs that it was "highly unlikely" that the underlying suit would be transferred from Texas to California. Second, the contingency fee agreement between the Webbs and Sitzes contemplates fewer and less significant future consequences in California than did the deed of trust in Sher. If future consequences in California were contemplated in this case, they were too uncertain and attenuated to establish jurisdiction over Sitzes.
 
 
 11
 In short, focusing on the contacts that Sitzes actually had with California, we find that Sitzes did not "perform[ ] some type of affirmative conduct which allows or promotes the transaction of business within the forum state." Sinatra, 854 F.2d at 1195.
 
 
 12
 Because we find that the first prong of the three-prong test for specific jurisdiction is not satisfied, we need not reach the second two prongs.
 
 II.
 
 13
 A. Amending the complaint.
 
 
 14
 We decline to reach the issue of whether the Webbs should be allowed to amend their complaint. The Webbs did not move to amend the complaint in the district court and therefore there is no decision of the district court to review. Nor is this a request to amend the complaint to conform to evidence presented, see Fed.R.Civ.P. 15(b).
 
 
 15
 B. Remanding to state court.
 
 
 16
 The district court properly held that the motion to remove did not waive the objection to personal jurisdiction. See, e.g., Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 300-01 (9th Cir.1986) (removed federal action can be dismissed for lack of personal jurisdiction; motion to quash and motion to dismiss in state court did not waive jurisdictional objection). We decline to remand to the district court so that the district court can remand to the state court for a revisitation of this issue. No such motion was made in the district court and we decline to address it for the first time on appeal. See In re Professional Inv. Properties of Am., 955 F.2d 623, 635 (9th Cir.) (absent exceptional circumstances, court of appeals will not address issues not raised in district court; cert. denied, 506 U.S. 818 (1992).
 
 
 17
 C. Transferring to Texas.
 
 
 18
 We decline to transfer the case to Texas because we do not see a compelling reason to do so. Parallel litigation is pending in Texas. See Reed v. Brown, 623 F.Supp. 342, 347 (D.Nev.1985) (transferring case because otherwise plaintiff's action would have been lost to statute of limitations and because plaintiff was proceeding in propria persona).
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The Webbs do not contend that the district court has general jurisdiction over Sitzes