**A. P. GREEN REFRACTORIES CO.,
a Corporation, Plaintiff,**

v.

**PEERLESS BOILER & ENGINEERING
CO., a Corporation, Defendant.**

No. S69 C 20.

United States District Court
E. D. Missouri,
Southeastern Division.

July 16, 1969.

Potashnick & Matthews, Sikeston, Mo., for plaintiff.

Moran & Brock, Oklahoma City, Okl., and Limbaugh, Limbaugh & Russell, Cape Girardeau, Mo., for defendant.

MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court on a special appearance by the defendant, Peerless Boiler & Engineering Co., objecting to the Court's jurisdiction in this cause and making a motion to quash and to dismiss. As grounds for its motion, the defendant asserts that the matter in controversy is a contract having a monetary value of only $3,000 and, therefore, there is an insufficient amount in controversy to invoke the jurisdiction of a federal district court; that venue is improper in the Eastern

District of Missouri; and that service was ineffective.

■ The plaintiff, A. P. Green Refractories Co., alleges that it is incorporated in the State of Delaware, and is authorized to transact business within the State of Missouri. The defendant corporation states that it is a Texas corporation, whose principal place of business is in Oklahoma. The plaintiff alleges a cause of action based upon breach of contract by the defendant. The alleged contract attached to the complaint purports to provide that the defendant will remove a steam boiler from the plaintiff's premises for the sum of $3,000; the boiler was to become the property of the defendant; and the defendant was to replace certain structural elements and leave the premises in a certain condition. The plaintiff alleges that the defendant breached the contract by removing the boiler without performing the other conditions of the contract, thereby damaging the plaintiff in the sum of $164,884. The plaintiff alleges that the boiler had a fair market value of $56,884 and that it incurred expenses of $60,000 in completing the work the defendant had contracted to do. The defendant's contention that the amount in controversy is only $3,000 is without merit. The plaintiff has alleged fairly an amount in controversy in excess of the $10,000 jurisdictional requirement. This Court has jurisdiction of the alleged complaint by virtue of diversity of citizenship and jurisdictional amount under the provisions of 28 U.S. C. § 1332.

■ The defendant's contention that venue is improper in the Eastern District of Missouri is without merit also. The defendant relies upon that provision of 28 U.S.C. § 1391(c) that states a corporation may be sued in any judicial district where it is incorporated or licensed to do business or is doing business, and contends that it does not meet these requirements. Assuming, without deciding, that the defendant does not meet these requirements, venue is proper in this district. Section 1391(a) provides that a civil action founded upon diversity of citizenship only may be maintained in "the judicial district where all plaintiffs or all defendants reside * * *." The contract attached to the complaint shows that the plaintiff does business in this district at Oran, Missouri. Under 1391(c) the plaintiff would reside in this district and venue would lie under 1391(a). Section 1391(c) does not eliminate the venue provisions as set forth in 1391(a). See 1 Moore, Federal Practice, § 0.-142[5.–3] and 0.142[3].

The defendant's objection to service is based upon the allegation that the person served, John C. Moran, is only the attorney at law for the corporation and not authorized to accept service. The plaintiff states that at the time service was made, John C. Moran was listed with the Secretary of State of the State of Oklahoma as the corporation's registered agent. The marshal's return of service states only that John C. Moran was served in Oklahoma City, Oklahoma, on May 26, 1969, in person. It does not indicate his relationship to the defendant corporation. This point is now moot, however. The files in this case show that service has been made a second time. The marshal's return states that service was made upon one William E. Ware, service agent, on July 8, 1969, at Oklahoma City, Oklahoma.

Accordingly, the defendant's motion to quash and dismiss will be overruled.