MEMORANDUM AND ORDER

**Hilda W. ROBINSON, Plaintiff,**

v.

**John CARROLL and A. Epstein Company, Defendants.**

**No. C-96-D-69.**

United States District Court,
M. D. North Carolina,
Durham Division.

Oct. 5, 1970.

———◆———

James E. Ramsey, Ramsey, Long & Jackson, Roxboro, N. C., for plaintiff.

George W. Miller, Jr., Haywood, Denny & Miller, Durham, N. C., for defendants.

EDWIN M. STANLEY, Chief Judge.

The defendants, John Carroll and A. Epstein Company, have moved, pursuant to Rule 12 of the Federal Rules of Civil Procedure, for an order dismissing this action, or in lieu thereof an order quashing the return of service of summons, on the ground that neither defendant is subject to the jurisdiction of this Court. The plaintiff, Hilda W. Robinson, has moved, pursuant to 28 U.S.C. § 1406(a), for an order transferring the action from this Court to the United States District Court for the Eastern District of Pennsylvania. For the reasons hereinafter set forth, the defendants' motion to quash service of process and plaintiff's motion to transfer are allowed, and defendants' motion to dismiss is denied.

The pertinent facts may be briefly summarized. Plaintiff is a citizen of North Carolina, defendant Carroll is a citizen of Pennsylvania, and defendant A. Epstein Company is a corporation created under the laws of Pennsylvania with its principal office and place of business in Pennsylvania. The action is for personal injuries sustained in an automobile accident occurring in Philadelphia, Pennsylvania, on May 13, 1967. Jurisdiction of this case is based upon diversity of citizenship and amount in controversy.

Service of process upon the individual defendant and corporate defendant was obtained by means of North Carolina's substituted service statutes. Defendants moved, in a special appearance, that such service be quashed on the ground that neither defendant is subject to the jurisdiction of this Court. Plaintiff, in her response to defendants' motion, concedes that service of process upon defendants was improper.

With respect to plaintiff's motion to transfer, the crucial issue for decision is whether or not this Court has the power to transfer the action, even though it has never acquired personal jurisdiction over the defendants. Any

new action commenced in Pennsylvania would be barred by the applicable Pennsylvania statute of limitations.

The propriety of a transfer case is founded upon, and involves the interpretation of, 28 U.S.C. § 1406(a), which provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The question of whether a court needs personal jurisdiction over a defendant in order to transfer an action under 28 U.S.C. § 1406(a) reached the United States Supreme Court in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). In holding that personal jurisdiction was unnecessary, the court stated:

"Nothing in that language indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants.

\*    \*    \*    \*    \*    \*

"The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure."

It thus appears unnecessary to decide the defendants' motion to dismiss for want of personal jurisdiction. Even though the Court lacks personal jurisdiction over defendants, this does not bar the transfer of the action to the appropriate district court in Pennsylvania. Goldlawr, supra; Smith v. Murchison, 310 F.Supp. 1079 (W.D.N.Y. 1970); Teets v. Hawker, 278 F.Supp. 834 (N.D.W.Va.1968).

The Court acknowledges that Goldlawr is distinguishable from the instant case, inasmuch as the venue in Goldlawr was improper, whereas the venue in this case is proper under 28 U.S.C. § 1391(a) because of plaintiff's residence being in North Carolina. Defendants, in their memorandum, point to this fact in support of their argument that power to transfer this case does not exist, and cite Hohensee v. News Syndicate, Inc., 3 Cir., 286 F.2d 527 (1961) and Selsby v. Vecchione, 216 F.Supp. 207 (S.D.N.Y.1963) as authority for that contention. Both courts, deciding on facts very similar to those of the instant case, refused to transfer cases under 28 U.S.C. § 1406(a) where venue was proper, but the court lacked personal jurisdiction over the defendant. This Court finds neither case to be controlling.

The Third Circuit Court of Appeals decided Hohensee prior to the decision announced in Goldlawr, and on appeal to the United States Supreme Court, the judgment refusing transfer was vacated and the case "remanded for consideration in light of Goldlawr \* \* \*" Hohensee v. News Syndicate, Inc., 369 U.S. 659, 82 S.Ct. 1035, 8 L.Ed.2d 273 (1962). In Selsby, the court in holding that they were faced with an entirely different problem from that in Goldlawr stated, "In Goldlawr the venue was 'wrong', here the venue is proper and Sec. 1406(a) cannot be applied." Supra 216 F.Supp. at 208. This Court does not agree with the result reached in Selsby, but follows instead the reasoning of Kaiser v. Mayo Clinic, 8 Cir., 383 F.2d 653 (1967) and Teets v. Hawker, supra, which it feels represents the dominant

and better view.[1] Both of those cases, which present an excellent review and discussion of precisely the same issue raised here, permitted transfer even though venue was properly laid in the transferor court. In *Kaiser*, the Court stated:

> "Certainly a party who has been totally wrong in selecting the forum would have no greater right of transfer under § 1406(a) than a party who has selected a forum which is wrong only because service of process cannot be obtained. In either event, the case could not proceed to trial on its merits which leads us to the conclusion * * that '§ 1406(a) operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there.'" *Supra* at 655–656.

In addition, the United States Supreme Court's disposition of Hohensee v. News Syndicate, Inc., *supra,* suggests that that Court would apply § 1406(a) in a situation comparable to that presented here.

This Court is further persuaded by the law and philosophy of the Fourth Circuit Court of Appeals as stated in Internatio-Rotterdam, Inc. v. Thomsen, 4 Cir., 218 F.2d 514 (1955). Although it was a suit in admiralty, the procedural characteristics of that case, supported by *Goldlawr,* is that "such transfer is in accord with modern standards of procedure, the purpose of which is to get away from the time-consuming and justice-defeating technicalities and secure an adjudication of the rights of the parties by as direct and as expeditious a route as possible." *Supra* at 517. The United States Supreme Court in *Goldlawr* ruled, and this Court holds, that congressional intent in adopting § 1406 (a) included a recognition that "the interest of justice" may require the transfer of a case so that a plaintiff would not be penalized by "justice-defeating technicalities." Goldlawr, Inc. v. Heiman, *supra,* 369 U.S. at 467, 82 S.Ct. 913.

## ORDER

For the reasons stated, it is ordered:

1. That the motion of the defendants to quash service of summons be, and same hereby is, granted;

2. That the motion of the defendants to dismiss the action be, and same hereby is, denied; and

3. That the motion of the plaintiff to transfer the action to the United States District Court for the Eastern District of Pennsylvania for all further proceedings, including the trial of the action, be, and same hereby is, granted.

It is further ordered that the Clerk of this Court forthwith transfer the entire file, including a copy of this Memorandum Order, to the Clerk of the United States District Court for the Eastern District of Pennsylvania, Philadelphia, Pennsylvania.

1. See also Taylor v. Love, 6 Cir., 415 F. 2d 1118 (1969), cert. denied 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970); Dubin v. United States, 5 Cir., 380 F.2d 813 (1967); United States v. Berkowitz, 3 Cir., 328 F.2d 358 (1964), cert. denied 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); Atkins v. Schmutz Manufacturing Company, 4 Cir., 401 F.2d 731 (1968) (dissenting opinion); and Universal Manufacturing Company v. Lewis, 4 Cir., 381 F.2d 819 (1967).