**Joseph Henry MILES et al.**

v.

**CHARLES E. SMITH COMPANIES and Charles E. Smith Building Corporation.**

**Civ. No. K–75–885.**

United States District Court, D. Maryland.

Oct. 31, 1975.

Jerome E. Michaelson, Baltimore, Md. for plaintiffs.

Francis J. Ford, Rockville, Md., George L. Huber, Jr. and Arnold, Beauchemin & Huber, P. A., Baltimore, Md., for defendants.

FRANK A. KAUFMAN, District Judge.

Plaintiffs, husband and wife, citizens of the State of Maryland, have instituted this tort action against two defendants, both corporations of, and having their respective principal places of business in, the District of Columbia. Plaintiffs allege that plaintiff husband was injured due to the negligence of defendants and that plaintiff husband individually, and the plaintiffs jointly, were damaged thereby. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Service is purported to have been made under Maryland's Long Arm Statute, Md.Ann. Code, *Cts. & Jud. Proc.* art., § 6–103 (1974). However, defendants have alleged, and plaintiffs have stated that they do not desire to controvert, that neither of defendants has at any time

ever done any business in Maryland. In any event they agree that the negligence alleged herein has no causal or other factual relationship whatsoever with the State of Maryland. Accordingly, it is clear that even if Maryland's Long Arm Statute could constitutionally apply—which it seemingly could not [1]— to permit service upon defendants, that statute does not apply herein.[2]

■ The parties agree that plaintiff husband was employed to do work by his employer in Fairfax County, Virginia and that it was allegedly during the course of construction work in that county being performed by plaintiff for that employer under contract with defendants that plaintiff was allegedly injured. Accordingly, this suit is one which could have been brought under 28 U.S.C. §§ 1332 and 1391 in the Eastern District of Virginia. It is to that District that plaintiffs, with the consent of the defendants, ask that this case be transferred by this Court pursuant to 28 U.S.C. § 1406(a). Such transfer would appear to be fully authorized by that statute. *See Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed. 2d 945 (1964).[3] If venue in this Court were absent, which it is not, that defect could be cured by a section 1406(a) transfer:[4] That section is applicable even when no effective service of process may seemingly issue, at least without defendant's consent, out of the Court in which the suit has been commenced.

"Nothing in that language [*i. e.,* the language of section 1406(a)] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants." *Goldlawr v. Heiman,* 369 U.S. 463, 465–67, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962), (Black J.) (relying upon the words "the interest of justice" and writing for the majority over a sharp dissent by Mr. Justice Harlan, joined by Mr. Justice Stewart, who stated the view that section 1406(a) is inapplicable when personal jurisdiction is absent.) In *Goldlawr* defendants resisted transfer. In this case, they consent to it after having originally moved to quash the purported service upon them and then having dropped that motion. That consent would seemingly indicate that, if it were necessary in order to enable this Court to exercise its transfer power under section 1406(a), defendants would agree to the combination of (a) service upon them and (b) transfer to the Eastern District of Virginia. But as *Goldlawr* teaches, personal jurisdiction is not a prerequisite to the applicability of section 1406 (a). The law in that regard would appear quite clear. *See Endicott v. Merdie Boggs & Son, Inc.,* 489 F.2d 754 (4th Cir. 1974),[5] citing as direct authority *Goldlawr,* and also *Internatio-Rotterdam, Inc. v. Thomsen,* 218 F.2d 514 (4th Cir. 1955), itself cited with approval in *Goldlawr* 369 U.S. at 465 n. 8, 82 S.Ct. 913.

1. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 858 (1958); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945).

2. *See Egeria Societa di Navigazione Per Azioni v. Orinoco Mining Co.,* 360 F.Supp. 997 (D.Md.1973).

3. 28 U.S.C. § 1404(a) provides:
    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
    28 U.S.C. § 1406(a) provides:
    The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
    The use of the word "might" in § 1404(a) and "could" in § 1406(a) would appear immaterial. 7B J. MOORE, FEDERAL PRACTICE § 1406 at J.C. 619 (2d ed. 1974). Accordingly, the doctrine of *Van Dusen v. Barrack* would seem fully applicable to § 1406(a) even though *Van Dusen* dealt with § 1404(a).

4. See n. 3 *supra.*

5. The full Fourth Circuit per curiam opinion in that case is not set forth at 489 F.2d *supra.*

*Goldlawr* is distinguishable from this case, as it was in *Robinson v. Carroll*, 318 F.Supp. 527, 528–29 (M.D. N.C.1970), because venue in *Goldlawr* did not lie, whereas as in this case, as in *Robinson*, venue is proper under 28 U.S.C. § 1391(a).[6] In *Robinson*, however, Judge Stanley nevertheless held *Goldlawr* applicable. While the issue may not be entirely free from doubt, this Court adopts Judge Stanley's views and reasons as expressed in *Robinson* (at 528–29). There is seemingly no clear Supreme Court or Fourth Circuit holding with regard thereto.[7] However, in any event, this Court finds it is hard to believe that the absence of both venue and personal jurisdiction makes section 1406 (a) more applicable than the presence of venue and the absence of personal jurisdiction. Thus, like Judge Stanley (at 529), this Court adopts the approach stated in *Mayo Clinic v. Kaiser*, 383 F.2d 653, 655–56 (8th Cir. 1967). Therein, Judge Mehaffy wrote:

\* \* \* Certainly a party who has been totally wrong in selecting the forum would have no greater right of transfer under § 1406(a) than a party who has selected a forum which is wrong only because service of process cannot be obtained. \* \* \*

*Robinson* cites and follows the Eighth Circuit's holding and reasoning in *Mayo Clinic* which in turn cited and followed the Fifth Circuit's opinion in *Dubin v. United States*, 380 F.2d 813 (5th Cir. 1967). *Robinson* rejects the contrary view as stated in certain other cases. So does this Court. Accordingly, the presence of venue herein does not remove this Court's discretionary authority to transfer under section 1406(a) "in the interest of justice".

The alleged accident occurred in Virginia. The case is one which could have been brought in the Eastern District of Virginia. The parties all desire that it there be litigated. There is thus every reason for this Court to exercise its transfer power under section 1406 (a),[8] and it will so do by forthwith entering an appropriate order.

6. Section 1391(a) provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

Section 1391(c) provides:

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Neither defendant is "incorporated or licensed to do business or is doing business" in Maryland. But the fact that Maryland cannot therefore "be regarded as the residence" of either defendant herein "for venue purposes", as provided by § 1391(c), does not destroy the venue in this case under § 1391(a). *A. P. Green Refractories Co. v. Peerless Boiler & Engineering Co.*, 303 F.Supp. 275, 276 (E.D.Mo.1969); 1 J. Moore, Federal Practice ¶ 0.142(5.–1–3] n. 30 at 1406 (2d ed. 1975).

7. *Endicott* is not such authority. To begin with, the Fourth Circuit did not discuss the issue of the power of the Court to transfer under § 1406(a) when venue is present. Addi-tionally, it would appear that venue did not lie in West Virginia in that Jones Act case. 46 U.S.C. § 688 provides in part:

\* \* \* Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

Although that sentence uses the word "jurisdiction", that section has been interpreted to be a venue provision, not a jurisdictional one. *Pure Oil Co. v. Suarez*, 384 U.S. 202, 203, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966); *Panama R. R. Co. v. Johnson*, 264 U.S. 375, 385, 44 S.Ct. 391, 68 L.Ed. 748 (1924).

8. This case is well within the parameters of the standards generally governing transfers under section 1404(a). *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). That case pre-dates the enactment of 1404(a) but sets out factors relied on in subsequent cases. *See, e. g., Akers v. Norfolk and Western Ry. Co.*, 378 F.2d 78 (4th Cir. 1967); *Paesch v. Winter*, 366 F.2d 756 (4th Cir.), *affirming* 257 F.Supp. 116 (D.Md.1966). It is to be noted that the words "in the interest of justice" appear in both section 1404(a) and section 1406(a). *See* n. 3 *supra*. No possible reason appears to exist, at least in this case, to interpret those words differently in the two statutory

provisions. *See* 1 J. Moore, Federal Practice ¶ 0.146[5], at 1163 (2d ed. 1975) ; 7B J. Moore, Federal Practice § 1406 at J.C. 619 (2d ed. 1974).