**SHONG CHING LAU and Son Ngon Leong Lau**

v.

**Julio CHANGE.**

**Civ. A. No. 75-1741.**

United States District Court, E. D. Pennsylvania.

May 25, 1976.

---

Barton A. Haines, Philadelphia, Pa., for plaintiffs.

David F. Campbell, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

During the summer of 1973, defendant, a Maryland resident, and his family were vacationing in Canada with plaintiffs, residents of Pennsylvania.[1] On July 10, 1973, the vacationing group was traveling within the province of Ontario on a two-lane highway in defendant's automobile. Defendant, who was driving at the time, attempted to pass a truck. Unfortunately, a vehicle was approaching from the opposite direction. Defendant took evasive action which caused the automobile to skid off the road, hit some trees and, finally, turn over.

Plaintiffs commenced this diversity action against defendant, seeking to recover damages resulting from injuries suffered in the accident. Presently before the Court is defendant's motion to dismiss the complaint for lack of personal jurisdiction, for insufficiency of process and for insufficiency of service of process.[2] Plaintiffs oppose the motion but ask the Court, in the alternative, to transfer the case to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, we believe that there is a lack of personal jurisdiction

over defendant. However, rather than dismiss the case, the Court will grant plaintiffs' motion to transfer.

Concerning defendant's motion, the key issue is whether this Court has personal jurisdiction over defendant. Our analysis begins with Rule 4(e) of the Federal Rules of Civil Procedure, which permits service of process upon an individual to be made in the manner prescribed by a statute of the state in which the district court is located. Plaintiffs contend that the applicable state statute is the Pennsylvania Long-Arm Statute, 42 Pa.C.S.A. § 8301 *et seq.* (Supp.1975). Specifically, they cite the "causing harm" provision, section 8305. That section provides, in pertinent part, that:

> Any nonresident of this Commonwealth who, acting outside of this Commonwealth, individually, under or through a fictitious business name, or through an agent, servant or employee, shall have caused any harm within this Commonwealth on or after August 30, 1970, shall be subject to service of process in any civil action or proceeding . . . arising out of or by reason of any such conduct. Service of process in any such civil action or proceeding shall be effected through the Department of States as provided in this chapter.

In determining whether personal jurisdiction has been obtained by the use of a long-arm statute, two questions are presented: first, whether the relevant provisions of the statute encompass the conduct of the defendant; and, second, assuming the statute is otherwise applicable, whether the exercise of personal jurisdic-

1. The trip began in Baltimore, Maryland. On the way to Canada, defendant and his family passed through Pennsylvania in order to pick up plaintiffs who are defendant's mother- and father-in-law.

2. Defendant also contends that this suit is barred by the statute of limitations. Since the Court believes that it lacks personal jurisdiction over defendant, the statute of limitations issue need not be reached.

Additionally, the Court notes that defendant characterized his motion as one for judgment on the pleadings, presumably pursuant to Rule

12(c) of the Federal Rules of Civil Procedure. However, except for the affirmative defense of the statute of limitations, the contentions raised in support of defendant's motion— namely, lack of personal jurisdiction, insufficiency of process and insufficiency of service of process—are not properly raised in a motion for judgment on the pleadings. *See* 5 *Wright & Miller, Federal Practice and Procedure: Civil* § 1367 (1969). Those contentions are properly raised pursuant to Rules 12(b)(2), (4) and (5), respectively, and we will treat them as if they had been so asserted.

tion over the defendant under the particular circumstances of the case complies with the constitutional requisite of due process of law.[3] *Zimmermann v. Zimmermann,* 395 F.Supp. 719, 723 (E.D.Pa.1975); *Miller v. American Telephone & Telegraph Co.,* 394 F.Supp. 58, 62 (E.D.Pa.1975), *aff'd mem.,* 530 F.2d 964 (3d Cir. 1976); *Action Industries, Inc. v. Wiedeman,* 236 Pa.Super. 447, 346 A.2d 798, 801 (1975). The facts of the instant case require both these questions to be answered in the negative.

 This Court recently noted in *Miller v. American Telephone & Telegraph Co., supra,* 394 F.Supp. at 63 n.4, that the statutory language of § 8305 is quite broad and "requires only that 'any harm' within Pennsylvania be evident which was caused by the same conduct from which the pending cause of action arises." Literally, plaintiffs here were caused harm within Pennsylvania in the sense that they continued to experience the personal and pecuniary injuries resulting from the accident in Canada after their return to Philadelphia. This Court does not believe, however, that § 8305 was designed to take cognizance of the residual effects of out-of-state injuries. Rather, it was intended to focus on any in-state injury caused by out-of-state activity of a nonresident. To hold otherwise would allow resident plaintiffs, who suffer from the residual effects of out-of-state injuries, to pull citizens from all over the country into the courts of Pennsylvania, simply because they

were involved in an activity which resulted in harm to a Pennsylvania resident.

A most instructive case on this point is *McAndrew v. Burnett,* 374 F.Supp. 460 (M.D.Pa.1974). In that case, the defendant, a New York-licensed physician, operated upon the plaintiff's husband in New York. At the time, both the plaintiff and her husband were residents of New York. After they had moved to Pennsylvania, it was discovered that the defendant had left a hemostat within the husband's abdominal cavity, the removal of which eventually resulted in his death. Despite the fact that the husband experienced the pain and suffering caused by the New York surgery while a resident of Pennsylvania the court found § 8305 to be inapplicable. The court stated:

> . . . Defendant [cannot] be considered as having caused "any harm" in Pennsylvania within the meaning of 42 P.S. § 8305. The harm to decedent was done in New York when the hemostat was allegedly left in his body. That a continuing injury was at some point suffered by the decedent in Pennsylvania, and that the existence of the hemostat in his body was discovered here, does not in my view constitute the sort of harm which may serve as a basis for extraterritorial service under 42 P.S. § 8305.

*Id.* at 463.[4] *See Stifel v. Lindhorst,* 393 F.Supp. 1085 (M.D.Pa.), *aff'd mem.,* 529

---

**3.** The second inquiry is properly raised in a motion to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Concerning the first inquiry, there appears to be some confusion as to whether it should be raised in a Rule 12(b)(2) motion, in a Rule 12(b)(4) motion for insufficiency of process or in a Rule 12(b)(5) motion to dismiss for insufficiency of service of process. This Court believes that a 12(b)(2) motion is the proper vehicle, since a negative answer to the question compels a dismissal of the complaint for lack of personal jurisdiction. Rules 12(b)(4) and (5) were not designed to challenge personal jurisdiction allegedly obtained pursuant to a long-arm statute. Rather, they were designed to challenge irregularities in the contents of the summons (12(b)(4)) and irregularities in the manner of delivery of the summons and complaint

(12(b)(5)). *See Wright & Miller, supra,* § 1353 at 577–580. In light of the foregoing, even though defendant's personal jurisdiction attack was made pursuant to Rules 12(b)(2), (4) and (5), *see* note 2 *supra,* it should have been raised solely in a 12(b)(2) motion. Since there are no grounds stated in support of defendant's 12(b)(4) and (5) motions, they will be denied.

**4.** Obviously, the instant case is factually distinguishable from *McAndrew* in that plaintiffs here were residents of Pennsylvania at the time of the accident, while, in *McAndrew,* the plaintiff and her husband were residents of New York at the time of the operation and only later moved to Pennsylvania. We do not perceive the distinction to be a significant one. The critical issue presented by § 8305 is whether a nonresident caused an injury within Pennsylvania, and not whether a plaintiff who suffered

F.2d 512 (3d Cir. 1975), *cert. denied,* —— U.S. ——, 96 S.Ct. 1746, 48 L.Ed.2d 207 (1976).

■ Assuming, *arguendo,* that § 8305 was held to be applicable in this case, this Court believes that the Due Process Clause of the Fourteenth Amendment would be violated by a finding that personal jurisdiction exists over defendant. As stated by the Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945), whether *in personam* jurisdiction exists depends upon a finding that the nonresident defendant has "sufficient contacts or ties with the state of the forum to make ·it reasonable and just, according to our traditional conception of fair play and substantial justice, to permit the state to enforce the obligations which [the party] has incurred there." Measured by this standard, it is clear that defendant does not have the necessary contacts or ties with Pennsylvania.

■ The only contact defendant has had with Pennsylvania was when he entered the state to pick up plaintiffs for the trip to Canada. In addition, plaintiffs contend that defendant has previously entered Pennsylvania for the purpose of visiting friends and relatives and will, in the future, enter Pennsylvania again for the same pur-

pose.[5] Even accepting such a contention as true, defendant's contacts cannot be said to be the "minimum contacts" defined in *International Shoe.* While we are not prepared to say that a nonresident's solely *personal* contacts with Pennsylvania can never serve as a basis upon which to constitutionally assert *in personam* jurisdiction over that person, *see Miller v. American Telephone & Telegraph Co., supra,* 394 F.Supp. at 64, defendant's contacts with Pennsylvania in the instant case are too infrequent and insubstantial in nature to satisfy the requirements of the Due Process Clause. Accordingly, the Court lacks personal jurisdiction over defendant.

■ At this point, we would normally ˙dismiss plaintiffs' complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The plaintiffs ask the Court, however, to transfer the case to the District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a). That section provides:

§ 1404. Change of venue

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.[6]

---

an injury was or was not a resident of Pennsylvania at the time the injury occurred.

**5.** The above contention is found at page 3 of plaintiff's Memorandum of Law ("Memorandum") in opposition to defendant's motion for judgment on the pleadings. There is nothing contained in the record, such as an affidavit or deposition testimony, to support such a contention.

**6.** The Court notes that plaintiffs specifically asked for a transfer under 28 U.S.C. § 1406(a). *See* Memorandum at 8. That section provides:
· § 1406. Cure or waiver of defects
(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
However, in support of their motion to transfer, plaintiffs cite *United States v. Berkowitz,* 328 F.2d 358 (3d Cir.), *cert. denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964). In that case, the United States brought a civil action

against the defendant, a New York citizen, in the District Court for the Eastern District of Pennsylvania to recover allegedly overdue taxes. Since the defendant could not be properly served with process, the Government asked the district court to transfer the case to the District Court for the Eastern District of New York, pursuant to either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). The court denied the Government's request and found that, since it had not acquired personal jurisdiction over the defendant, it lacked the power to transfer under § 1404(a). The district court also found that, because venue was properly laid in that district under 28 U.S.C. § 1396, the case could not be transferred under § 1406(a) which, by its terms is only applicable to a case laying venue in the wrong division or district. The Third Circuit reversed, holding that the district court had the power to transfer under § 1404(a) even though it lacked personal jurisdiction over defendant. In support of its conclusion, the court extended the rationale of *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), which held that a district court has the power

■ The first question presented is whether the Court has the power to transfer the case even though we lack personal jurisdiction over defendant. We need go no further than the Third Circuit's decision in *United States v. Berkowitz*, 328 F.2d 358 (3d Cir.), *cert. denied*, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964), which answered the question in the affirmative. The second question presented is whether the Court should exercise the power to transfer. To answer this question in the affirmative, we must find that the considerations set forth in § 1404(a) warrant transfer in light of the circumstances of this case. *United States v. Berkowitz, supra,* 328 F.2d at 361.

■ Taking the last consideration first, it is clear that this case is one that "might

to transfer a case under § 1404(a) even though it lacked personal jurisdiction over a defendant, to § 1404(a). With respect to § 1406(a), the court found it "unnecessary to consider the Government's novel and intricate contention that venue may be properly laid in a district and, yet, the case may be one 'laying venue in the wrong district' under § 1406(a)," because § 1404(a) clearly authorized the transfer of the case. 328 F.2d at 361. In this case, as in *Berkowitz*, venue is properly laid in this district under 28 U.S.C. § 1391(a), since it is a district where "all plaintiffs reside." Thus, we are faced with the identical question which the *Berkowitz* court declined to address. However, this Court need not answer the question either, as § 1404 clearly authorizes the transfer of this case. *See* discussion of § 1404(a) *infra.* Accordingly, we will treat plaintiffs' motion as if it had requested a transfer under § 1404(a), rather than under § 1406(a).

Assuming that plaintiffs had asked this Court to transfer the case under § 1406(a) as well as § 1404(a), we believe, in light of the facts in the instant case, that it would be improper to do so. Most courts which have addressed the question of whether a case may be transferred under § 1406(a) where venue is proper but personal jurisdiction is lacking have answered it in the affirmative, utilizing two different, yet overlapping, rationales. The first was developed by the Fifth Circuit in *Dubin v. United States,* 380 F.2d 813 (5th Cir. 1967), wherein the court stated:

Looking to the language of § 1406, the statute is couched in terms of "laying venue in the wrong division or district." The statute does not refer to "wrong" venue, but rather to venue laid in a "wrong division or district." We conclude that a district is "wrong" within the meaning of § 1406 whenever there exists an "obstacle [to] * * *

have been brought" in the District Court for the District of Maryland. That court can obtain personal jurisdiction over defendant since he is a resident of Maryland. In addition, venue in that court is proper under 28 U.S.C. § 1391(a), as the District of Maryland is a district where "all defendants reside." Concerning the convenience of the parties, certainly a transfer would in no way inconvenience defendant, since he lives in Maryland. Although trying the case in Baltimore rather than in Philadelphia will not be as convenient for plaintiffs, by asking this Court to transfer the case, they have indicated their willingness to suffer the added burden of having to travel to Baltimore. With regard to the convenience of witnesses, it is not clear at this point who, other than plaintiffs, defendant and

an expeditious and orderly adjudication" on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle.

*Id.* at 815. *See Taylor v. Love,* 415 F.2d 1118 (6th Cir. 1969), *cert. denied,* 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970); *Tillman v. Eattock,* 385 F.Supp. 625 (D.Kan.1974); *Ferguson v. Kwik-Chek,* 308 F.Supp. 78 (D.V.I.1970). The second was developed by the Eighth Circuit in *Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir. 1967). The court reasoned that a party which has been totally wrong in selecting a forum, as in *Goldlawr,* should "have no greater right of transfer under § 1406(a) than a party who has selected a forum which is wrong only because service of process cannot be obtained." *Id.* at 655–656. *See Miles v. Charles E. Smith Companies,* 404 F.Supp. 467 (D.Md. 1975). With all due respect to the reasoning of the courts in the above cases, it appears to this Court that to transfer a case under § 1406(a), notwithstanding the fact that venue is properly laid in the transferor court's division or district, would necessitate a construction of that section which can only be described as tortuous. As noted by Mr. Justice Harlan in his dissenting opinion in *Goldlawr:*

In an ordinary diversity suit, . . . a plaintiff may bring suit in the judicial district where he resides. 28 U.S.C. § 1391(a). But if he is unable to get personal service on the defendant in the territory defined by Fed. Rule Civ.Proc. 4(f), his suit will be dismissed. *Since this would not be "a case laying venue in the wrong division or district," § 1406(a) would be inapplicable.*

369 U.S. at 468 n.*, 82 S.Ct. at 916 (citations omitted) (emphasis added).

defendant's family, might possibly testify at trial as to the circumstances surrounding the accident. Even assuming that there are other witnesses, such as a Canadian citizen who may have witnessed the accident, the fact that such witnesses may have to travel to Baltimore instead of to Philadelphia is not the type of inconvenience that would convince this Court to deny the motion to transfer this case. Finally, in light of the above, we believe that the interests of justice will be served by transferring the case. Accordingly, plaintiffs' motion to transfer will be granted.