Janice N. KURTZ, Admx. of the Estate of William R. Kurtz, Deceased

v.

Ronald A. DRAUR, Individually and Ronald A. Draur, P. C. (a professional corporation).

Civ. A. No. 76–3986.

United States District Court, E. D. Pennsylvania.

June 17, 1977.

John L. Sampson, Hassel, Yost & Sorrentino, Lancaster, Pa., for plaintiff.

Daniel T. McWilliams, Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff is a Pennsylvania citizen and administratrix of the estate of her husband. She has filed this medical malpractice action against the defendant, who is a Nebraska citizen. Plaintiff has also sued the professional corporation which employs the defendant doctor. Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

The complaint alleges that on October 23, 1974, plaintiff's husband suffered sudden pain in the low retrosternal area. He was admitted to the Nebraska Methodist Hospital by Dr. Draur, who on October 29, 1974 attempted a left heart catheterization, aortic root angiography and selective coronary angiography. The complaint further alleges that Dr. Draur was negligent in a number of respects, including but not limited to, making an improper diagnosis, failing to obtain another medical opinion from appropriate medical specialists and failing to adequately follow-up the treatment and care of the decedent.[1]

There are no allegations in the complaint regarding the residency of plaintiff and her husband at the time of his treatment in Nebraska. The complaint simply states that the plaintiff and her two children survived the decedent and are residents of Pennsylvania. Also, the complaint contains an allegation that damages greatly exceed $10,000.

Presently pending before the Court are defendants' motion to dismiss for lack of personal jurisdiction pursuant to F.R.Civ.P. 12(b)(2) and for plaintiff's alleged failure to comply with F.R.Civ.P. 8(a)(1). Plaintiff opposes the motion to dismiss; alternatively, plaintiff requests that the Court transfer the case if it finds that the action cannot be maintained in this district. For the reasons stated hereinafter, defendants' motion to dismiss is denied; we grant plaintiff's alternative motion to transfer.

## I

Defendants argue that the complaint fails to state any basis for the court's subject matter jurisdiction over plaintiff's claims. Defendants argue further that pursuant to F.R.Civ.P. 8(a)(1), the complaint must be dismissed. Rule 8(a)(1) provides:

(A) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it . . .

Plaintiff responds that the basis of the Court's jurisdiction is clearly stated in paragraphs 1 and 2 of the complaint.

F.R.Civ.P. 84 provides, "the forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Form 2(a) in the Appendix of Forms provides this model for alleging jurisdiction founded on diversity of citizenship and amount:[2]

---

1. Complaint, ¶¶ 4, 5.

2. See also 2A J. Moore's Federal Practice ¶ 8.10 at 1653 et seq. (2d Ed.1975).

Plaintiff is a [citizen of the State of Connecticut] . . . and defendant is a corporation incorporated under the laws of the State of New York having its principal place of business in a State other than the State of Connecticut. The matter in controversy exceeds, exclusive of interests and costs, the sum of ten thousand dollars.

The allegations contained in ¶¶ 1, 8(a) of plaintiff's complaint [3] are sufficient to meet the requirements of Rule 8(a)(1). Accordingly, defendants' motion to dismiss the complaint for failure to appropriately state the grounds upon which the court's jurisdiction depends, is denied.

## II

■ F.R.Civ.P. 4(e) provides for service of process on a non-resident party pursuant to the statutes of the state in which the district court is held. Plaintiff contends that defendants are amenable to the personal jurisdiction of the Court under the Pennsylvania Long Arm Statute. Plaintiff cites 42 Pa.C.S.A. § 8305, which provides, *inter alia,*

> Any nonresident of this Commonwealth who, acting outside of this Commonwealth, individually, . . . or through an agent, servant or employee, shall have caused any harm within this Commonwealth on or after August 30, 1970, shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct . . . 1972, Nov. 15, P.L. 1063, No. 271, § 8305, eff. in 90 days.

The issue herein is whether or not defendants were properly served under the Pennsylvania Long Arm Statute.

The determination of whether this Court has personal jurisdiction over the defendant depends on two factors: whether defendant's conduct can be characterized as "causing harm within this Commonwealth" as defined in the statute; and whether the Court's exercise of personal jurisdiction in these particular circumstances comports with the constitutional requirements of due process of law. *Zimmerman v. Zimmerman,* 395 F.Supp. 719, 723 (E.D.Pa.1975); *Miller v. American Telephone and Telegraph Co.,* 394 F.Supp. 58, 62 (E.D.Pa.1975), aff'd mem., 530 F.2d 964 (3d Cir. 1976); *Shong Ching Lau v. Change,* 415 F.Supp. 627, 629–30 (E.D.Pa.1976); *Action Industries, Inc. v. Wiedman,* 236 Pa.Super. 447, 452, 346 A.2d 798, 801 (1975).

In *Shong Ching Lau v. Change, supra,* Judge Bechtle analyzed in depth § 8305 of the Pennsylvania statute. In *Shong Ching Lau,* plaintiffs, residents of Pennsylvania were vacationing in Canada with defendant, a resident of Maryland, and were injured in a car accident in Canada. Plaintiffs sued defendant in this court for damages by reason of injuries arising out of the accident. Judge Bechtle acknowledged that plaintiffs were in a sense "caused harm" in Pennsylvania because they continued to experience both economic and personal harm resulting from the accident. But Judge Bechtle said of the harm,

> This court does not believe, however, that § 8305 was designed to take cognizance of the residual effects of out-of-state injuries. Rather, it was intended to focus on any in-state injury caused by out-of-state activity of a nonresident. To hold otherwise would allow resident plaintiffs, who suffer from the residual effects of out-of-state injuries, to pull citizens from all over the country into the courts of Pennsylvania, simply because they were involved in an activity which resulted in harm to a Pennsylvania resident. *Id.* 415 F.Supp. at 630.

We agree with Judge Bechtle's analysis and reject plaintiff's attempt to distinguish the

---

3. ¶ 1 of the complaint states, "The Plaintiff is a citizen of the State of Pennsylvania and the Defendant is a citizen of the State of Nebraska, practicing medicine as a professional corporation, having its principal place of business at West Dodge Medical Building, 8300 Dodge, Suite 227, Omaha, Nebraska, 68114. ¶ 8(A) of the complaint states, *inter alia,* that the damages are ". . . in a sum presently unknown, but greatly exceeding $10,000 . . ."

cases by the fact that in *Shong Ching Lau* there was immediate injury and harm in Canada which continued in Pennsylvania whereas in this case all harm is alleged to have been deferred and occurred subsequently and only in Pennsylvania.

Other courts have reached the same result analyzing the Pennsylvania or similar statutes. In *McAndrew v. Burnett,* 374 F.Supp. 460 (M.D.Pa.1974), plaintiff executrix of her husband's estate sued in a diversity medical malpractice action, a doctor who allegedly left a hemostat in her husband's abdominal cavity after an operation in New York. Plaintiff and decedent were New York residents at the time of the operation, but the existence of the hemostat in the decedent's body was not discovered until after they became Pennsylvania residents. With regard to § 8305, Judge Muir said,

> Nor can Defendant be considered as having caused "any harm" in Pennsylvania within the meaning of 42 P.S. § 8305. The harm to decedent was done in New York when the hemostat was allegedly left in his body. That a continuing injury was at some point suffered by the decedent in Pennsylvania, and that the existence of the hemostat in his body was discovered here, does not in my view constitute the sort of harm which may serve as a basis for extraterritorial service under 42 P.S. § 8305. *Id.* at 463.

The alleged negligent acts of Dr. Draur occurred in Nebraska. The "harm" which Dr. Draur is alleged to have caused, occurred in Nebraska. The alleged results of this out-of-state injury occurred in Pennsylvania, but we do not believe that the alleged results of Dr. Draur's conduct constitutes the type of in-state harm contemplated by 42 Pa.C.S.A. § 8305.

▪ Additionally, a finding of *in personam* jurisdiction over the defendants under § 8305 would be inconsistent with the Due Process Clause of the Fourteenth Amendment. Our assertion of such jurisdiction over defendants would require that

we find that the nonresident defendants have ". . . establish[ed] sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice to permit the state to enforce the obligations which [the parties have] incurred there." *International Shoe Co. v. State of Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95, 104 (1945).

Plaintiff has made no allegations that defendants have any contacts with Pennsylvania besides the residual harm allegedly caused in Pennsylvania. Such minimal contact with Pennsylvania will not satisfy the requirements of the Due Process Clause.

In *Wright v. Yackley,* 459 F.2d 287 (9th Cir. 1972), the Ninth Circuit considered a case where there was both an act and harm alleged in the forum state. There an Idaho resident sued a South Dakota doctor for medical malpractice. While a South Dakota resident plaintiff was treated by defendant doctor, who prescribed medicine for plaintiff. When plaintiff moved to Idaho, the doctor sent her copies of the original prescription, which she had filled in Idaho. Plaintiff alleged injury because of the use of the medicine, and filed suit in Idaho. Service of process was made pursuant to the section of Idaho's Long-Arm Statute allowing service if the non-resident has committed a tortious act within the state.[4]

The Ninth Circuit held that no tortious act had been committed in Idaho which would justify an assertion of personal jurisdiction over the South Dakota doctor. The Court said that an exercise of jurisdiction would be unreasonable and ". . . would work contrary to what we deem to be the dominant state interest." *Id.* at 289. The Court continued,

> In the case of personal services focus must be on the place where the services are rendered, since this is the place of the receiver's (here the patient's) need. . . . It is in the very nature of such services that their consequences will be felt wherever the person may choose to go. However, the idea that tortious rendition of

---

4. Idaho Code § 5-514.

such services is a portable tort which can be deemed to have been committed wherever the consequences foreseeably were felt is wholly inconsistent with the public interest in having services of this sort generally available. Medical services in particular should not be proscribed by the doctor's concerns as to where the patient may carry the consequences of his treatment and in what distant lands he may be called upon to defend it. *Id.* at 289–290.

We are in agreement with these observations and accordingly find that this Court lacks personal jurisdiction over the defendants. We will not, however, grant defendants' motion to dismiss the complaint for lack of personal jurisdiction pursuant to F.R.Civ.P. 12(b)(2), but instead grant plaintiff's alternative motion to transfer pursuant to 28 U.S.C. 1404(a).

The plaintiff asks the Court to transfer the case to the District Court for the District of Nebraska pursuant to 28 U.S.C.A. § 1404(a) or 1406(a).[5] Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. June 25, 1948, c. 646, 62 Stat. 937; Oct. 18, 1962, Pub.L. 87–845, § 9, 76A Stat. 699.

The Third Circuit has held that the court has the power to transfer a case although it lacks *in personam* jurisdiction over the defendant. *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964). But the Court in *Berkowitz* cautioned that the transfer was not automatic. The Court ". . . has power to [transfer] if it determines that the considerations set forth in § 1404(a)

warrant transfer in the circumstances of [the] case." *Id.* at 361.

Pursuant to 28 U.S.C. § 1391[6] this case could have been properly brought in the District Court for the District of Nebraska. The Nebraska court will have personal jurisdiction over the defendant since he is a resident of the state. Plaintiff will certainly suffer some inconvenience if the case is transferred to Nebraska. But her request for the transfer as an alternative to dismissal discloses that she is willing to bear the inconvenience of the transfer.

In light of the fact that the action cannot be continued in this district because of the jurisdictional deficiency, and in consideration of plaintiff's unopposed alternative motion to transfer, we believe the interests of justice will be best served by transferring the case to the District Court for the District of Nebraska. Defendants' motion to dismiss is denied and plaintiff's motion to transfer is granted.

---

**5.** Title 28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Transfer under this section would be improper under § 1406, because venue was not wrongly laid in this case. Title 28 U.S.C. § 1391 provides, "A civil action wherein jurisdiction is founded only on diversity of citizenship may,

except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." Since plaintiff resides in Pennsylvania, venue was properly laid in Pennsylvania pursuant to 28 U.S.C. § 1391. Cf. *U. S. v. Berkowitz*, 328 F.2d 358 (3d Cir. 1964); *Shong Chi Lau v. Change, supra,* 415 F.Supp. at 631–632, fn. 6.

**6.** See footnote 3, supra.