Marie **BAKAJ** and Milan **Bakaj,** Plaintiffs,

v.

**ARTHUR LEVINE, D.D.S., P.A., Allen Levine, D.M.D., and Jay Weinberg, D.M.D.,** Defendants.

**Civ. A. No. 89–8452.**

United States District Court, E.D. Pennsylvania.

Feb. 14, 1990.

Victor F. Cavacini, Allentown, Pa., for plaintiffs.

Stanley P. Stahl, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs, residents of Pennsylvania, have filed this action to recover for injuries sustained as a result of the negligence of the defendants, residents of New Jersey licensed to practice dentistry within the State of New Jersey. Plaintiffs allege that the defendants were negligent in their care of Maria Bakaj causing her to suffer injuries including a tooth extraction and periodontal abscess. Defendants move to dismiss the complaint pursuant to F.R.Civ. Proc. 12(b)(2) for lack of jurisdiction over the person. While plaintiffs oppose defendants' motion, they request that this case be transferred to the appropriate judicial district pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), if defendants are deemed not subject to personal jurisdiction in Pennsylvania.[1]

The facts pertinent to jurisdiction are simple and not in dispute. Defendants Dr. Arthur Levine and Dr. Allen Levine are dentists practicing dentistry in the State of New Jersey with offices in Rahway, New Jersey. Defendant Dr. Jay Weinberg is an endodontist practicing endodontics in the State of New Jersey with an office in Elizabeth, New Jersey. None of the defendants advertise or otherwise solicit business in the Commonwealth of Pennsylvania. Nor do the defendants treat any patients in Pennsylvania.

Defendants treated plaintiff Maria Bakaj for her dental condition. All treatments of Maria Bakaj occurred in the defendants' offices in New Jersey. The only connection that this case has to Pennsylvania is that the plaintiffs are residents of Pennsylvania.[2]

### I.

■ Federal Rule of Civil Procedure 4(e) provides for the service of process on a non-resident party pursuant to the statutes

---

1. I shall treat this as a motion to transfer pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

2. It appears from the responsive papers that the plaintiffs were formerly residents of New Jersey. See Plaintiffs' Response to Defendants' Motion to Dismiss, ¶ 8.

of the state in which the district court is held. The source of long arm jurisdiction in Pennsylvania is 42 Pa.C.S.A. § 5322.

Plaintiffs rely upon 42 Pa.C.S.A. § 5322(a)(4) and § 5322(b) as the source of *in personam* jurisdiction in this case. Under § 5322(a)(4), jurisdiction in Pennsylvania attaches to any person who causes "harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." Section 5322(b) provides Pennsylvania's courts with personal jurisdiction over non-residents to the full extent permitted by the Due Process Clause of the fourteenth amendment. *See Koenig v. International Brotherhood of Boilermakers*, 284 Pa.Super. 558, 426 A.2d 635, 640 (1980).

■ "[D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not within the territory of the forum, he have certain contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)). The concept of minimum contacts performs two related functions. "It protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the States through their courts, do not reach out beyond the limits imposed by their status as coequal sovereigns in a federal system." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). One factor in determining whether such minimum contacts have been established is whether the party could reasonably foresee the likelihood of being haled into court in the foreign jurisdiction. *Id.* at 297, 100 S.Ct. at 567; *see also Kulko v. California Superior Court*, 436 U.S. 84, 97–98, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Another factor is whether the defendant purposefully availed

himself of the privileges of conducting activities within the forum state. *World–Wide Volkswagen Corp.*, 444 U.S. at 297, 100 S.Ct. at 567.

Under § 5322(a)(4), the determination of whether this court has *in personam* jurisdiction over the New Jersey defendants rests on whether the allegedly negligent conduct of the defendants can be characterized as "causing harm within the Commonwealth." As will be explained below, I conclude that defendants' conduct cannot be characterized in this manner.

The defendants neither transact nor solicit business in the state. They are not licensed to practice their professions in Pennsylvania. The alleged act or omission which caused plaintiffs' injuries occurred solely in New Jersey. And it cannot be reasonably stated that the acts or omissions which occurred in New Jersey caused harm or tortious injury to the plaintiffs in Pennsylvania. *See Hilferty v. Neesan*, 506 F.Supp. 218, 220 (E.D.Pa.1980) ("the mere fact that a plaintiff may have some residual pain and suffering while recuperating in the forum state from an accident which occurred entirely out of the state is not the type of harm 'caused in the Commonwealth' which is contemplated by the long arm statute."); *see also Kurtz v. Draur*, 434 F.Supp. 958, 961 (E.D.Pa.1977); *Shong Ching Lau v. Change*, 415 F.Supp. 627, 629–30 (E.D.Pa.1976); *McAndrew v. Burnett*, 374 F.Supp. 460, 463 (M.D.Pa.1974).[3]

The facts of *Kurtz* are virtually indistinguishable from the instant case. Plaintiff's husband, a resident of Pennsylvania, died as a result of the alleged malpractice of doctors who performed surgery upon him in Nebraska. Relying upon this court's decision in *Shong Ching Lau v. Change*, Judge Green stated:

The alleged negligent acts of [defendant] occurred in Nebraska. The "harm" which [defendant] is alleged to have caused, occurred in Nebraska. The alleged results of this out-of-state injury

---

**3.** While *Kurtz, Shong Ching Lau* and *McAndrew* interpret an earlier version of Pennsylvania's long arm statute, the reasoning of these cases applies equally to Pennsylvania's current long arm statute as the language is substantially similar. *Compare* 42 Pa.C.S.A. § 5322(a)(4) *with* 42 Pa.C.S.A. § 8305 (quoted in *Kurtz,* 434 F.Supp. at 961).

occurred in Pennsylvania, but we do not believe that the alleged results of [defendant's] conduct constitutes the type of in-state harm contemplated by [Pennsylvania's long arm statute].

*Kurtz,* 434 F.Supp. at 962.

Additionally, a finding of *in personam* jurisdiction over the defendants under 42 Pa.C.S.A. § 5322(b) would be inconsistent with the Due Process Clause of the fourteenth amendment. *See Hilferty,* 506 F.Supp. at 220–21; *Kurtz,* 434 F.Supp. at 962–63; *Shong Ching Lau,* 415 F.Supp. at 631. Other than the fact that a patient of the defendants moved to or lived in Pennsylvania, the defendants have absolutely no contacts with Pennsylvania. Defendants have not availed themselves of the privileges of conducting activities in Pennsylvania. Nor could they reasonably foresee being haled into court in Pennsylvania. Therefore, any effort by this court to exercise personal jurisdiction over these defendants would offend "traditional notions of fair play and substantial justice."

Finally, plaintiffs' reliance upon *Braman v. Mary Hitchcock Memorial Hospital,* 631 F.2d 6 (2d Cir.1980) and *Lemke v. St. Margaret Hospital,* 552 F.Supp. 833 (N.D.Ill. 1982) is misplaced. First, neither of these cases interpret Pennsylvania's long arm statute. Second, in both cases, the nonresident defendants had rather substantial contacts with the forum state.

## II.

Having concluded that the defendants lack minimum contacts with Pennsylvania to establish *in personam* jurisdiction, I move to plaintiffs' motion, in the alternative, to transfer this case to an appropriate district pursuant to 28 U.S.C. § 1404(a) and 1406(a). I note that defendants' reply memorandum does not address plaintiffs' request that a transfer be made as an alternative to dismissal.

■ Section 1406(a) permits the district court in which a case is filed with venue laying in the wrong district to transfer the case to any district or division in which it could have been brought, if such a transfer would be in the interest of justice. Transfer of this cause pursuant to § 1406(a) would be improper, because venue is properly laid in the Eastern District of Pennsylvania. *See Kurtz,* 434 F.Supp. at 963 n. 5; *Shong Ching Lau v. Change,* 415 F.Supp. at 631–32 n. 6. A civil action founded on diversity of citizenship may be brought only in the judicial district "where all plaintiffs or all defendants reside, or in which the claim arose." *See* 28 U.S.C. § 1391. Because both plaintiffs are residents of this district, venue was properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391.

■ Section 1404(a) is the proper statutory section for plaintiffs to seek the transfer of this action. This section provides:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

I have the power to transfer a case even though this court lacks personal jurisdiction over the defendants. *United States v. Berkowitz,* 328 F.2d 358, 361 (3d Cir.1964), *cert. denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *see also Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962). However, a transfer under § 1404(a) cannot be made unless the considerations set forth in the section are satisfied. *Berkowitz,* 328 F.2d at 361.

Pursuant to 28 U.S.C. § 1391, this case could have been brought in the District Court for the District of New Jersey. The New Jersey court will have jurisdiction over the named defendants, since they are residents of the state. Plaintiffs will suffer some inconvenience, if the case is transferred to New Jersey. But their request to transfer as an alternative to dismissal demonstrates their willingness to bear any inconvenience which might result. Because, after a transfer, the lawsuit will be prosecuted in a forum closer and more convenient to the defendants, defendants can hardly complain of any inconvenience. Given the fact that this action cannot be continued in the Eastern District of Pennsylva-

nia because of a jurisdictional deficiency, and in consideration of plaintiff's unopposed alternative of transferring this case to an appropriate district, the interests of justice will be best served by transferring the case to the District Court for the District of New Jersey.

Accordingly, defendants' motion to dismiss for lack of personal jurisdiction is granted and plaintiff's motion to transfer is granted. This case shall be transferred to the District Court for the District of New Jersey.